```
 1                UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF TEXAS
 2                     AUSTIN DIVISION

 3  FINTIV, INC.               ) Docket No. A 19-CA-1238 ADA
                               )
 4  vs.                        ) Austin, Texas
                               )
 5  APPLE, INC.                ) April 30, 2021

 6          TRANSCRIPT OF VIDEOCONFERENCE MOTION HEARING
             BEFORE THE HONORABLE ALAN D. ALBRIGHT
 7

 8  APPEARANCES:

 9  For the Plaintiff:        Mr. Jonathan K. Waldrop
                              Kasowitz, Benson, Torres, LLP
10                            333 Twin Dolphin Drive, Suite 200
                              Redwood Shores, California 94065
11
                              Mr. Raymond W. Mort, III
12                            The Mort Law Firm, PLLC
                              100 Congress Avenue, Suite 2000
13                            Austin, Texas 78701

14  For the Defendant:        Mr. John M. Guaragna
                              DLA Piper, LLP
15                            303 Colorado Street, Suite 3000
                              Austin, Texas 78701
16
                              Mr. Sean C. Cunningham
17                            DLA Piper, LLP
                              401 B Street, Suite 1700
18                            San Diego, California 92101

19                            Mr. J. Stephen Ravel
                              Kelly, Hart & Hallman, LLP
20                            303 Colorado Street, Suite 2000
                              Austin, Texas 78701
21

22  Court Reporter:           Ms. Lily Iva Reznik, CRR, RMR
                              501 West 5th Street, Suite 4153
23                            Austin, Texas 78701
                              (512)391-8792
24

25  Proceedings reported by computerized stenography,
    transcript produced by computer-aided transcription.
```

13:31:15

| | | |
|---|---|---|
| 13:31:15 | 1 | THE COURT:  Good afternoon, everyone. |
| 13:31:17 | 2 | MR. RAVEL:  Good afternoon, Judge. |
| 13:31:18 | 3 | MR. WALDROP:  Good afternoon, your Honor. |
| 13:31:19 | 4 | THE COURT:  Suzanne, if you're ready to call the |
| 13:31:21 | 5 | case, I'm ready to listen. |
| 13:31:23 | 6 | THE CLERK:  Okay.  Motion hearing in Civil Action |
| 13:31:26 | 7 | 1:19-CV-1238, styled, <u>Fintiv, Incorporated vs. Apple,</u> |
| 13:31:32 | 8 | <u>Incorporated</u>. |
| 13:31:33 | 9 | THE COURT:  I'll hear announcements first from |
| 13:31:35 | 10 | plaintiff.  Mr. Waldrop, my friend, is there.  I'm happy |
| 13:31:40 | 11 | to hear announcements. |
| 13:31:42 | 12 | MR. WALDROP:  Good afternoon, your Honor. |
| 13:31:44 | 13 | Thank you.  This is Jonathan Waldrop on behalf of |
| 13:31:49 | 14 | Plaintiff Fintiv, your Honor.  I'm also joined by Texas |
| 13:31:54 | 15 | counsel, Ray Mort, on behalf of Fintiv. |
| 13:31:58 | 16 | THE COURT:  You're a little bit loud, Mr. |
| 13:32:00 | 17 | Waldrop.  I don't mean that as a personal matter.  I mean |
| 13:32:06 | 18 | it more as a technical matter.  You might dial back just a |
| 13:32:08 | 19 | little bit. |
| 13:32:09 | 20 | Are you going to be doing the speaking for |
| 13:32:11 | 21 | plaintiff, Mr. Waldrop? |
| 13:32:12 | 22 | MR. WALDROP:  Absolutely, your Honor.  It's |
| 13:32:14 | 23 | always a privilege and an honor to argue.  So I'm excited |
| 13:32:19 | 24 | and absolutely, I'm doing both arguments today, your |
| 13:32:23 | 25 | Honor.  Thank you for the opportunity. |

```
13:32:24   1            THE COURT:  Announcements from defense, please.
13:32:26   2            MR. RAVEL:  Your Honor, Steve Ravel for Apple.
13:32:29   3   First and foremost, along with our client representatives
13:32:32   4   today, Jessica Hannah and Natalie Pous, I'll be joined by
13:32:37   5   two colleagues from DLA who are making their first
13:32:42   6   appearance in this case but who need no introduction to
13:32:44   7   this court, John Guaragna and Sean Cunningham.  And before
13:32:49   8   we kick off, this is their first appearance in this case,
13:32:52   9   they may want to say hello.
13:32:54  10            THE COURT:  Well, I'm glad you did that because I
13:32:56  11   really like Mr. Cunningham.
13:33:01  12            MR. GUARAGNA:  Thank you, your Honor.  We like
13:33:03  13   him, too.
13:33:03  14            John Guaragna here from DLA Piper on behalf of
13:33:06  15   Apple.  We actually have two more colleagues with me, Erin
13:33:09  16   Gibson, your Honor, from DLA Piper is here and as well as
13:33:13  17   Mr. Sean Cunningham.  And Mr. Cunningham's going to be
13:33:18  18   doing part of the speaking and the arguing today.
13:33:19  19            MR. CUNNINGHAM:  Your Honor, it's a pleasure.
13:33:20  20            THE COURT:  Mr. Cunningham, are you in San Diego?
13:33:23  21            MR. CUNNINGHAM:  I am actually in Florida right
13:33:25  22   now.
13:33:25  23            THE COURT:  Well, good for you.  You get around.
13:33:28  24   So if you all will give me -- literally, I've gotta run
13:33:31  25   and doing something that will take 60 seconds.  I'll be
```

| | | |
|---|---|---|
| 13:33:35 | 1 | right back and we could take up any issues.  I'll be right |
| 13:33:38 | 2 | back.  Okay. |
| 13:34:25 | 3 | Thanks greatly for that pause.  I'm happy to take |
| 13:34:27 | 4 | up whatever issues we have. |
| 13:34:28 | 5 | MR. RAVEL:  Your Honor, both motions set before |
| 13:34:30 | 6 | you today are Apple's motions.  I'm going to be handling |
| 13:34:35 | 7 | the 12(c) motion to dismiss, indirect infringement claims. |
| 13:34:38 | 8 | And Mr. Cunningham is going to talk to you about |
| 13:34:41 | 9 | infringement contentions.  And I'm ready to proceed on the |
| 13:34:47 | 10 | indirect infringement motion if you are, Judge. |
| 13:34:50 | 11 | THE COURT:  I am, indeed. |
| 13:34:53 | 12 | MR. RAVEL:  All right.  As I said, Judge, I will |
| 13:34:55 | 13 | argue Apple's 12(c) motion aimed at confirming pre-suit |
| 13:35:03 | 14 | indirect infringement is not in this case.  Please note |
| 13:35:05 | 15 | Apple does not by this motion deal with post-suit indirect |
| 13:35:10 | 16 | infringement while reserving all rights to deal with that |
| 13:35:12 | 17 | issue at the appropriate time and in the appropriate |
| 13:35:15 | 18 | manner. |
| 13:35:17 | 19 | I should have introduced Mr. Abe Ortega, who is |
| 13:35:21 | 20 | on slides and graphics today, and I will ask him to share |
| 13:35:25 | 21 | screen with our slide deck at this time. |
| 13:35:30 | 22 | Your Honor, this court's decision not to allow |
| 13:35:33 | 23 | willfulness to be added to this case last September |
| 13:35:38 | 24 | mandates the results in this motion, in this case today. |
| 13:35:43 | 25 | I will simply ask you to apply your unbroken line of cases |

| | | |
|---|---|---|
| 13:35:48 | 1 | dealing with indirect infringement to actions you have |
| 13:35:51 | 2 | taken in this very case previously.  Specifically, the |
| 13:35:55 | 3 | aforementioned willfulness decision.  The legal tests are |
| 13:35:58 | 4 | that similar. |
| 13:36:01 | 5 | I'm only going to show you this slide once, |
| 13:36:04 | 6 | Judge, but some advocates would probably just come back to |
| 13:36:07 | 7 | it like six or eight times.  This is your ruling in the |
| 13:36:13 | 8 | willfulness hearing aimed at the third amended complaint, |
| 13:36:18 | 9 | which was never filed, for good or for ill.  And let's see |
| 13:36:25 | 10 | what you decided September of last year on an issue that |
| 13:36:29 | 11 | is guided very much by pre-suit notice. |
| 13:36:33 | 12 | Not good cause to allow amendment to add |
| 13:36:37 | 13 | willfulness.  You thought it would be futile.  And you |
| 13:36:41 | 14 | understood that Mr. Waldrop may want to take some |
| 13:36:45 | 15 | discovery after that.  And nothing I say about Mr. Waldrop |
| 13:36:49 | 16 | could ever be critical.  It would always be observatory or |
| 13:36:53 | 17 | even laudatory.  He made the decision not to use the 25 |
| 13:36:58 | 18 | extra hours of discovery that this court granted him, over |
| 13:37:04 | 19 | our mild objection, to develop more pre-suit knowledge |
| 13:37:11 | 20 | proof.  He decided to use it otherwise, which is |
| 13:37:16 | 21 | absolutely his right. |
| 13:37:17 | 22 | This is what the Court did.  And I'm going to be |
| 13:37:26 | 23 | arguing for a few minutes that this situation is |
| 13:37:30 | 24 | indistinguishable from that one.  In fact, maybe this is |
| 13:37:33 | 25 | stronger because, as a technical matter, what we're moving |

13:37:38  1  to dismiss is the second amended complaint because that's

13:37:41  2  the live complaint that doesn't have any pre-suit

13:37:45  3  allegations in it.  May we have slide 3, please, Mr.

13:37:49  4  Ortega?

13:37:56  5        Judge, it's always been a goal of mine to argue a

13:37:59  6  hearing in front of you in which you were the only judge I

13:38:04  7  cited, and I'm getting that off of my bucket list today.

13:38:09  8  You have been writing about indirect infringement and

13:38:14  9  willfulness -- obviously related because they both have a

13:38:18  10  requirement of pre-suit knowledge, both of the patent and

13:38:23  11  of the infringement of it.  You've written two long

13:38:27  12  opinions on it.  You've been completely consistent,

13:38:30  13  beginning with Parity Networks and coming on through

13:38:36  14  another case I'll mention in a minute.

13:38:38  15        But let's go over your test.  And when I say your

13:38:40  16  test, I mean your test.  For inducement, the plaintiff

13:38:45  17  knew of the patent and that the induced acts constitute

13:38:48  18  patent infringement.  And on contributory, knowledge

13:38:53  19  again, sold products especially made for infringing use,

13:39:00  20  had knowledge of the infringing use, the products had no

13:39:02  21  substantial non-infringing use, and there exists an

13:39:05  22  underlying act of direct infringement.

13:39:08  23        As to contributory, gosh, Judge, this case is

13:39:13  24  real easy.  I mean, are we really taking the position that

13:39:18  25  iPhone, iPads, Macs and iWatches are designed only to

13:39:25  1    infringe the 125 patent and don't have any non-infringing

13:39:30  2    uses?  So we've included both of your tests here and let's

13:39:37  3    go to slide 4, please.

13:39:42  4         All right.  Judge, just to drive home the notion

13:39:46  5    that you shouldn't decide this motion differently than you

13:39:49  6    did the willfulness motion, notice the material overlap

13:39:51  7    between your tests for willfulness and for indirect

13:39:55  8    infringement.  And Fintiv, during the two-and-a-half-year

13:40:00  9    pendency of this case, has not been able -- my notes said

13:40:04  10   has utterly failed, but let's say not been able to beat

13:40:07  11   this court's formulation for indirect infringement.

13:40:11  12        One more time, Judge.  Fintiv's opposition to

13:40:15  13   this motion is in the nature of a motion for rehearing of

13:40:18  14   the willfulness ruling that we just went over, and there's

13:40:21  15   absolutely no reason for the Court to change course nine

13:40:25  16   months later and nine months closer to trial.

13:40:29  17        Slide 5, please.  Okay.  Judge, let's spend a few

13:40:35  18   minutes and two or three slides on a side-by-side

13:40:38  19   comparison of the verbiage in the unfiled third amended

13:40:44  20   complaint and the cases you have written.  Fintiv filed

13:40:52  21   this third amended proposed under seal, so I'm being just

13:40:57  22   a little bit oblique in how I describe their allegations

13:41:03  23   so as to honor that request.

13:41:06  24        But paragraphs 19 to 21 occurred before the 125

13:41:11  25   patent issued, so they're irrelevant.  Allegations

| | |
|---|---|
| 13:41:15 | 1 |
| 13:41:19 | 2 |
| 13:41:26 | 3 |
| 13:41:29 | 4 |
| 13:41:35 | 5 |
| 13:41:40 | 6 |
| 13:41:42 | 7 |
| 13:41:45 | 8 |
| 13:41:53 | 9 |
| 13:42:01 | 10 |
| 13:42:06 | 11 |
| 13:42:12 | 12 |
| 13:42:17 | 13 |
| 13:42:19 | 14 |
| 13:42:26 | 15 |
| 13:42:31 | 16 |
| 13:42:34 | 17 |
| 13:42:42 | 18 |
| 13:42:45 | 19 |
| 13:42:50 | 20 |
| 13:42:53 | 21 |
| 13:42:57 | 22 |
| 13:43:00 | 23 |
| 13:43:04 | 24 |
| 13:43:10 | 25 |

relating to Mozido are not allegations of Apple's knowledge.  And the mere migrating of a lawyer -- or, I'm sorry, of an employee from SK C&C to Apple doesn't get within six or twelve degrees of Kevin Bacon of sort of the direct proof of pre-suit knowledge and pre-suit infringement that you need.

Judge, we're going to get real specific in a minute through an exhibit to really close up whether they've met their pleading burden or not.  Slide 6, please.  About a year after Parity Networks, this court, you, wrote Castlemorton, elements of indirect infringement stay consistent, two-part test, knowledge of the patent, knowledge of infringement.

Let's go to page -- to slide 7.  Judge, slide 7 is just piling on of more Parity Networks and more Castlemorton, so I'm going to skip right through it and go to slide 8.  Okay, Judge.  The papers in this case contain a lot of factual detail that the parties offered for very different reasons.  Apple went there for the sole and only purpose of convincing this court that dismissal of pre-suit indirect infringement should be with prejudice.

I don't want to put words in my friend, Mr. Waldrop's mouth, but I think it's a fair bet that he will rely on all of that back and forth on facts that we think don't get there to argue that dismissal on the pleadings

| | | |
|---|---|---|
| 13:43:15 | 1 | is inappropriate.  To pre-but that, I have included what I |
| 13:43:22 | 2 | think, Fintiv may disagree, is the top of the heap of |
| 13:43:26 | 3 | their knowledge facts -- I don't think they're facts.  I |
| 13:43:32 | 4 | don't think they get there.  But if this is the top of the |
| 13:43:36 | 5 | heap, they haven't gotten there. |
| 13:43:39 | 6 | Let's dig into slide 8, which I think is the |
| 13:43:44 | 7 | pinnacle of what they've been able to say.  And what Apple |
| 13:43:49 | 8 | learned from Mozido, at most, is that Mozido had a |
| 13:43:55 | 9 | managing mobile wallet and it had a patent, one of many, |
| 13:44:02 | 10 | No. 29, that they described as managing mobile wallet and |
| 13:44:07 | 11 | related credentials.  Not the title, not the number, not |
| 13:44:14 | 12 | the abstract, not the problem sought to be solved.  Judge, |
| 13:44:18 | 13 | if this is the best they have, and I think it is, the |
| 13:44:21 | 14 | outcome is clear.  Dismissal with prejudice of all |
| 13:44:25 | 15 | pre-suit indirect infringement claims, both induced and |
| 13:44:31 | 16 | contributory, is appropriate here today. |
| 13:44:34 | 17 | Slide 9, please.  This is another example of me |
| 13:44:39 | 18 | being laudatory of Mr. Waldrop because his candor and |
| 13:44:43 | 19 | transparency in this case has been second to none.  I |
| 13:44:49 | 20 | won't go back to the beginning of the case, but I'll go |
| 13:44:52 | 21 | back as far as June 2020.  By that point, Apple had been |
| 13:45:00 | 22 | really trying to close the loop on the conclusionary |
| 13:45:05 | 23 | pleadings of indirect infringement that had been in the |
| 13:45:09 | 24 | original complaint in 2018 and had been not improved in |
| 13:45:15 | 25 | the first and the second amended. |

13:45:18   1          And Ms. Frost and Mr. Waldrop had a colloquy in

13:45:24   2   front of you where a defense lawyer of -- was trying to

13:45:31   3   close the loop on something, and Mr. Waldrop candidly

13:45:37   4   said, we're not aware of any direct communications between

13:45:41   5   Fintiv and Apple prior to the filing of the complaint.  He

13:45:46   6   has stuck by that, he's never changed that.

13:45:51   7          Slide 10, please.  The Court made sure he heard

13:45:58   8   Mr. Waldrop correctly and confirmed, don't have any

13:46:03   9   evidence of direct or indirect at this time.  That's

13:46:08  10   correct.  Slide 11, please.  And, Judge, you confirmed

13:46:13  11   that Mr. Waldrop had understood you, too.  As the trial

13:46:19  12   lawyer that you are, you said, this may come up at trial.

13:46:23  13   When they try to put something in, you would be able to

13:46:26  14   stand up and say, Judge, on June 8th, they've made that

13:46:31  15   representation to me and I think that is sufficient.  I

13:46:37  16   think given that colloquy, I think we know where we are.

13:46:42  17   You could not have been more clear.

13:46:46  18          Judge, Apple is giving Fintiv the benefit of

13:46:52  19   every procedural doubt here.  Notice this is a motion to

13:46:56  20   dismiss plaintiff's second amended complaint, which pleads

13:46:58  21   -- it's their live one.  That third one never was filed.

13:47:03  22   Their right, their choice.

13:47:05  23          The live complaint, which is unchanged from

13:47:08  24   December of 2018, pleads neither pre-suit knowledge nor

13:47:14  25   pre-suit infringement.  After this court denied Plaintiff

```
13:47:23   1   Fintiv's attempt to add willfulness by a third amended
13:47:27   2   complaint, that complaint would never be -- had never been
13:47:31   3   filed.  And I guess we'd be within our rights to say, all
13:47:35   4   we were shooting at was the second amended, but again, we
13:47:39   5   want to bend over backwards to put things in the best
13:47:42   6   procedural light for Fintiv argue, not surprisingly, that
13:47:49   7   what you already did on willfulness should carry the day
13:47:54   8   today.  Let's go to slide 12, please.
13:48:00   9          Okay, Judge.  Four points to wrap up, quicker
13:48:05  10   than usual but probably not quick enough.  The September
13:48:10  11   1st, 2020 conclusion controls.  The challenged complaint,
13:48:17  12   the second, contains no indirect infringement facts.
13:48:20  13   Fintiv can't argue it wasn't afforded ample opportunity to
13:48:26  14   develop indirect infringement facts and didn't even use --
13:48:29  15   elect to use all the discovery it was offered.  And,
13:48:35  16   Judge, you've been writing on indirect infringement for
13:48:38  17   almost two years now, and you have never wavered from your
13:48:45  18   course that is fatal to Fintiv's plight here today, its
13:48:51  19   argument here today.
13:48:52  20          I'll sit down unless the Court has questions.
13:48:55  21   And we can turn the screen over to Fintiv's side.
13:49:02  22          THE COURT:  Very good.
13:49:03  23          Mr. Waldrop.
13:49:04  24          MR. WALDROP:  Yes, your Honor.  Permit me to
13:49:06  25   share my screen, your Honor.  Can you see it, your Honor?
```

| 13:49:29 | 1 | Are you able to see the slide presentation, your Honor? |
| 13:49:31 | 2 | THE COURT:  (Indicating affirmatively.) |
| 13:49:34 | 3 | MR. RAVEL:  Judge, I'm just going to note for the |
| 13:49:36 | 4 | record.  We're not going to make a big deal out of this, |
| 13:49:38 | 5 | but this is the first we're seeing this and we'll try to |
| 13:49:41 | 6 | muddle through. |
| 13:49:42 | 7 | THE COURT:  Okay.  Mr. Waldrop, I can see them. |
| 13:49:46 | 8 | MR. WALDROP:  Okay.  Thank you, your Honor.  And, |
| 13:49:47 | 9 | Steve, I thought that we had sent them over.  My apologies |
| 13:49:50 | 10 | for that.  Thank you, your Honor. |
| 13:49:53 | 11 | May it please the Court, my name is John Waldrop, |
| 13:49:58 | 12 | and I represent the Plaintiff Fintiv in this case. |
| 13:50:02 | 13 | Apple's motion for judgment on the pleadings |
| 13:50:04 | 14 | should be denied.  This is a case in which evidence to |
| 13:50:12 | 15 | preclude evidence -- hold on one second, your Honor.  Can |
| 13:50:16 | 16 | you hear me fine, your Honor?  Is my audio okay? |
| 13:50:19 | 17 | THE COURT:  I'm getting a little feedback.  Lily, |
| 13:50:19 | 18 | are you okay? |
| 13:50:19 | 19 | COURT REPORTER:  (Indicating affirmatively.) |
| 13:50:33 | 20 | MR. WALDROP:  This is a case, your Honor, in |
| 13:50:34 | 21 | which the evidence as to preclude Apple's 12(c) motion |
| 13:50:39 | 22 | regarding Apple's knowledge of the 125 patent prior to the |
| 13:50:42 | 23 | filing of the complaint has been adduced a substantial |
| 13:50:47 | 24 | faction in this case, your Honor.  Since July 14, 2020, |
| 13:50:51 | 25 | almost 10 months ago, your Honor, it is undisputed that |

| | | |
|---|---|---|
| 13:50:54 | 1 | Fintiv has adduced evidence of Apple's notice of the 125 |
| 13:51:00 | 2 | for this case.  In fact, your Honor, Fintiv moves to amend |
| 13:51:03 | 3 | its complaint to add a willfulness claim, citing this very |
| 13:51:06 | 4 | evidence. |
| 13:51:06 | 5 | Apple opposed that motion successfully but |
| 13:51:09 | 6 | notably, did not move to dismiss Fintiv's indirect |
| 13:51:12 | 7 | infringement claims at that time.  And as the Court is |
| 13:51:15 | 8 | well aware, 12(c) motions are intended to dispose of |
| 13:51:19 | 9 | issues where material facts are not in dispute, and |
| 13:51:23 | 10 | judgment on the merits is appropriate on the substance of |
| 13:51:26 | 11 | the pleadings.  However, when the evidence is viewed most |
| 13:51:29 | 12 | favorably to the plaintiff, Apple's motion should be |
| 13:51:32 | 13 | denied. |
| 13:51:33 | 14 | Now, your Honor, it is rare, your Honor, that you |
| 13:51:36 | 15 | have a case in which the single piece of evidence that Mr. |
| 13:51:42 | 16 | Ravel spent a lot of time on didn't have a meeting between |
| 13:51:45 | 17 | the plaintiff and the defendant in which the plaintiff |
| 13:51:48 | 18 | presents his entire portfolio, including the patent that |
| 13:51:52 | 19 | is being litigated over, in an offer to license and an |
| 13:51:56 | 20 | offer in which to collaborate.  That is by definition, |
| 13:52:00 | 21 | your Honor, evidence of notice.  Now, I understand Mr. |
| 13:52:03 | 22 | Ravel's points and I'll go into them very clearly, your |
| 13:52:06 | 23 | Honor. |
| 13:52:06 | 24 | But what struck me from his presentation, apart |
| 13:52:09 | 25 | from the very nice things he said about me, which I |

| | | |
|---|---|---|
| 13:52:11 | 1 | appreciate very much in terms of my candor, was -- and |
| 13:52:14 | 2 | I'll be candid here, your Honor -- how much of his |
| 13:52:16 | 3 | argument sounded like a summary judgment motion and how |
| 13:52:19 | 4 | much of his argument turned on his recitation at spinning |
| 13:52:23 | 5 | the facts in such a way that we believe a trier of fact, |
| 13:52:26 | 6 | when looking at that piece of evidence that he spent a lot |
| 13:52:28 | 7 | of time on and that I will spend a little bit more time |
| 13:52:32 | 8 | on, could lead to a different conclusion that Apple did |
| 13:52:35 | 9 | have notice.  And this feels like a summary judgment |
| 13:52:37 | 10 | argument and which you're making credibility |
| 13:52:40 | 11 | determinations and characterizations of evidence to get to |
| 13:52:43 | 12 | a conclusion to his favor.  We take a different view, your |
| 13:52:46 | 13 | Honor. |
| 13:52:46 | 14 | So that is how -- so Fintiv can lay out the |
| 13:52:51 | 15 | table, your Honor, I have a slide presentation that goes |
| 13:52:53 | 16 | into more in depth regarding what happened in this case. |
| 13:52:56 | 17 | The uniqueness of it in the sense of everything's on the |
| 13:52:58 | 18 | table.  All of these facts are in the record and they have |
| 13:53:02 | 19 | been developed, and they're in the record and there is |
| 13:53:05 | 20 | notice has been sufficiently provided almost ten months |
| 13:53:09 | 21 | ago. |
| 13:53:09 | 22 | But before I move forward with my presentation, I |
| 13:53:12 | 23 | wanted to ask the Court if it had any questions before I |
| 13:53:15 | 24 | moved forward.  Your Honor, I assume you have no |
| 13:53:28 | 25 | questions, so I will keep going. |

| | | |
|---|---|---|
| 13:53:30 | 1 | THE COURT:  Sorry.  I didn't understand that you |
| 13:53:32 | 2 | wanted me -- yes.  I'm good. |
| 13:53:34 | 3 | MR. WALDROP:  Okay.  Good, your Honor. |
| 13:53:35 | 4 | So, your Honor, going to slide 2 -- we just have |
| 13:53:38 | 5 | a few slides, your Honor, that discuss the standard, your |
| 13:53:41 | 6 | Honor, and this is appropriate. |
| 13:53:42 | 7 | THE COURT:  Mr. Waldrop, you can skip the -- this |
| 13:53:46 | 8 | isn't my first Rule 12 motion. |
| 13:53:50 | 9 | MR. WALDROP:  Yes, your Honor. |
| 13:53:51 | 10 | So, your Honor, that leads to slide 5, your |
| 13:53:54 | 11 | Honor, which is where I ended and I'll take back up is, |
| 13:53:58 | 12 | what we have before us is a 12(c) motion that should be |
| 13:54:01 | 13 | converted to a Rule 56 motion for summary judgment, and |
| 13:54:04 | 14 | that is because Apple has presented materials outside the |
| 13:54:07 | 15 | pleadings in support of its motion, as has Fintiv.  And |
| 13:54:12 | 16 | the foregoing analysis of those materials, there are |
| 13:54:16 | 17 | factual disputes as to what they mean and what they would |
| 13:54:18 | 18 | constitute to a trier of fact, your Honor. |
| 13:54:20 | 19 | In fact, your Honor, going to slide 6, in its |
| 13:54:24 | 20 | motion, your Honor, in its 12(c) motion, Apple attaches 11 |
| 13:54:29 | 21 | exhibits consisting of deposition transcript excerpts and |
| 13:54:31 | 22 | discovery responses, but it seeks to rely on these |
| 13:54:35 | 23 | documents to show that Apple did not have pre-suit notice |
| 13:54:38 | 24 | of the 125 patent, your Honor.  And this evidence they say |
| 13:54:42 | 25 | is only for the purposes of the futility section so it |

13:54:45  1   should not be considered as part of -- outside of the

13:54:49  2   record for purposes of 12(c), but as we saw from Mr.

13:54:53  3   Ravel's 12 argument, which was nicely done, that he talked

13:54:56  4   a lot of about evidence that was presented to this court

13:54:59  5   ten months ago and is outside the pleadings in this case

13:55:03  6   but we believe part of record in which Fintiv did

13:55:08  7   legitimately try to insert into the record.  And I'll come

13:55:10  8   back to that later, your Honor.

13:55:11  9           Moving to slide 7, your Honor, we also attached

13:55:17  10  these same exhibits and had previously done so in our

13:55:19  11  motion to file the third amended complaint, which I'll get

13:55:24  12  back to the timing of that.  Both parties set forth

13:55:28  13  competing versions of the events that happened.  But this

13:55:31  14  is not a matter appropriate for a judgment on the

13:55:33  15  pleadings.  This is a matter appropriate for summary

13:55:38  16  judgment that we think the parties have material disputes

13:55:40  17  as to what happened during these meetings and exchanges

13:55:44  18  with Apple and Fintiv.

13:55:45  19          Now, going to slide 8, your Honor, I set forth

13:55:51  20  the facts that we've put in our motion to amend the third

13:55:56  21  amended complaint.  Your Honor, we set forth facts, one,

13:56:00  22  that Apple hired one of SK C&C's employees, which is a

13:56:05  23  company that was acquired by Fintiv, which developed the

13:56:08  24  125 patent technology, and that he was aware of the 125

13:56:12  25  patent.

13:56:13  1          But, more importantly, your Honor, we've learned

13:56:16  2   of meetings between David Luther, who is an employee of

13:56:21  3   Fintiv, and an Apple employee, named David Parker, at the

13:56:26  4   Money 20/20 conference in 2020 in which they specifically

13:56:28  5   discussed licensing of Fintiv's portfolio, including the

13:56:34  6   125 patent.  Now, I know Mr. Ravel made much hay regarding

13:56:37  7   my statements of June 8, 2020, your Honor, and I believe I

13:56:41  8   have described those earlier and I will do so again.

13:56:45  9          On June 8, 2020, when I made that representation

13:56:48  10  to the Court that we were unaware of facts regarding

13:56:51  11  pre-suit knowledge, your Honor, you have -- the context

13:56:55  12  was that Apple had been banging on the table for many

13:56:58  13  months, even though we had reiterated this statement and

13:57:03  14  meet-and-confers and in our discovery responses, and it

13:57:05  15  led me to believe why are they so focused on this?  And we

13:57:08  16  went back to our client and say, look, you know, we've

13:57:11  17  said this over and over again, is there something that

13:57:13  18  we're missing?  Is there something that we need to

13:57:16  19  investigate further?  Because Apple has, you know, made me

13:57:20  20  stand in a court proceeding and be very definitive, and

13:57:24  21  that led me to investigate further and to try to determine

13:57:27  22  exactly what was this really all about.

13:57:29  23          And what we found out was, some of the facts laid

13:57:35  24  here before and as soon as we found those out, within two

13:57:37  25  weeks of that hearing on June 8th, we moved expeditiously

| | | |
|---|---|---|
| 13:57:41 | 1 | to move to a third -- to amend the complaint to add this |
| 13:57:44 | 2 | information, your Honor, in which, frankly, your Honor, |
| 13:57:46 | 3 | was in Apple's possession, custody and control because |
| 13:57:49 | 4 | this same employee, Mr. Parker is still at Apple today and |
| 13:57:53 | 5 | was available for counsel to investigate and interview, |
| 13:57:58 | 6 | and they disclosed none of this in their interrogatory |
| 13:58:01 | 7 | responses or in any other meet-and-confers that we had. |
| 13:58:05 | 8 | And so, as soon as we -- go ahead.  I'm sorry. |
| 13:58:07 | 9 | THE COURT:  Mr. -- |
| 13:58:08 | 10 | MR. WALDROP:  Yes. |
| 13:58:10 | 11 | THE COURT:  Were either Mr. Luther or Mr. Parker |
| 13:58:13 | 12 | deposed? |
| 13:58:14 | 13 | MR. WALDROP:  Mr. Luther was deposed, your Honor. |
| 13:58:16 | 14 | And on slide 9 and slide 10, I put forth some of the |
| 13:58:21 | 15 | information that was elicited from Mr. Luther during his |
| 13:58:24 | 16 | deposition.  Yes. |
| 13:58:25 | 17 | THE COURT:  Why don't you jump to that, and then, |
| 13:58:26 | 18 | I'm going to have Mr. Ravel respond. |
| 13:58:30 | 19 | MR. WALDROP:  So yes, your Honor. |
| 13:58:30 | 20 | On slide 9, I set forth some excerpted deposition |
| 13:58:36 | 21 | testimony which Mr. Luther testified that in November |
| 13:58:40 | 22 | 2015, at the Money 20/20 conference, he met with Mr. |
| 13:58:43 | 23 | Parker.  He was in business development for Apple, and |
| 13:58:47 | 24 | they had discussions around significant meetings and |
| 13:58:50 | 25 | collaborations regarding Mozido, which is now Fintiv, and |

| | | |
|---|---|---|
| 13:58:54 | 1 | a collaboration.  That excerpted testimony is on slide 9. |
| 13:58:58 | 2 | On slide 10, your Honor, we had a further in |
| 13:59:01 | 3 | which Mr. Luther was asked by Apple's counsel, what did |
| 13:59:04 | 4 | you tell Mr. Parker that Apple -- that Mozido could do for |
| 13:59:07 | 5 | Apple at that meeting?  And he goes forth and he sets |
| 13:59:11 | 6 | forth that we had discussions similar with them than we |
| 13:59:13 | 7 | had with Samsung regarding our customer service managers |
| 13:59:18 | 8 | and we do NFC technology for customers.  So in the |
| 13:59:22 | 9 | payments area, we were talking about how we could |
| 13:59:24 | 10 | complement them with our trusted service and identity |
| 13:59:27 | 11 | manager.  Some of the same terms and concepts at issue in |
| 13:59:31 | 12 | this very case. |
| 13:59:32 | 13 | On slide 11, your Honor, he goes further, and |
| 13:59:34 | 14 | Apple's counsel asked him:  What did you understand Mr. |
| 13:59:36 | 15 | Parker's role or position was at Apple when you had this |
| 13:59:39 | 16 | meeting with him?  Mr. Luther responds, my understanding |
| 13:59:41 | 17 | was, he was doing business development, and he was helping |
| 13:59:44 | 18 | to prioritize and roll out Apple Pay in various regions |
| 13:59:49 | 19 | around the world.  Apple Pay, which is the very technology |
| 13:59:52 | 20 | at issue in this case.  That's from his trial transcript, |
| 13:59:55 | 21 | your Honor, excerpted. |
| 13:59:56 | 22 | Moreover, your Honor, on slide 12, this was one |
| 14:00:01 | 23 | of the exhibits that was discussed by Mr. Luther in terms |
| 14:00:05 | 24 | of a slide deck regarding the 125 patent to Apple.  It was |
| 14:00:10 | 25 | a slide presentation from July 2016, which has on the left |

14:00:15  1    and is excerpted a listing of the 94 patent specifications

14:00:19  2    that were in Fintiv's ownership.  The 29th item is the

14:00:26  3    managing mobile wallet and related credentials, which

14:00:28  4    corresponds to the 125 patent, your Honor, a system and

14:00:31  5    method for managing mobile wallet and its related

14:00:33  6    credentials.  That was the patent disclosed.  It was part

14:00:37  7    of a larger portfolio that has been offered to Apple.

14:00:41  8          Your Honor, I'll stop there.  I have more.  But

14:00:43  9    your Honor, this was all disclosed in deposition testimony

14:00:47  10   many, many months ago, many weeks ago.  And this kind of

14:00:51  11   evidence you don't regularly see in cases, I think it is

14:00:55  12   highly material and relevant to their notice of the 125

14:00:57  13   patent.  I could stop here, your Honor.

14:00:58  14         THE COURT:  I missed the connection where the 125

14:01:04  15   patent was communicated to anyone at Apple.

14:01:08  16         MR. WALDROP:  I'm sorry, your Honor.  I'll go

14:01:10  17   back to that.

14:01:10  18         Mr. Luther presented a slide deck presentation.

14:01:14  19         THE COURT:  Okay.

14:01:15  20         MR. WALDROP:  To Mr. Parker and in that slide

14:01:18  21   presentation was a listing of all of the patents in

14:01:23  22   Mozido's portfolio, which they were offering for license

14:01:25  23   and collaboration with Apple.  And included in that

14:01:28  24   listing of patents was the 29 -- was the 125 patent.  And

14:01:32  25   so, on slide 12, which is showing you an excerpt from that

| | | |
|---|---|---|
| 14:01:36 | 1 | presentation where on the left side is the name of the 125 |
| 14:01:40 | 2 | patent, which is part of those specifications, and on the |
| 14:01:43 | 3 | right side, we've given you the corresponding title to 125 |
| 14:01:46 | 4 | is how they match up. |
| 14:01:48 | 5 | So yes, your Honor.  It was delivered to them in |
| 14:01:50 | 6 | a presentation that was e-mailed to them, your Honor. |
| 14:01:52 | 7 | THE COURT:  Was what I'm looking at one slide |
| 14:01:56 | 8 | where it showed managing mobile wallet on one side and the |
| 14:02:02 | 9 | 125 patent on the other?  That's what I'm not following. |
| 14:02:05 | 10 | MR. WALDROP:  No, your Honor. |
| 14:02:05 | 11 | What was in the presentation was what's on the |
| 14:02:08 | 12 | left, which is excerpted, which was a listing of the 94 |
| 14:02:11 | 13 | patent specifications that Fintiv or Mozido owned.  What |
| 14:02:16 | 14 | we've done for the Court's edification is to match that up |
| 14:02:18 | 15 | with the title of the 125 on the slide. |
| 14:02:21 | 16 | THE COURT:  And you're saying there will be a |
| 14:02:24 | 17 | witness at trial who will testify that in 2016, in July of |
| 14:02:33 | 18 | 2016, someone directly communicated to someone at Apple |
| 14:02:39 | 19 | that you were in possession and attempting to license the |
| 14:02:45 | 20 | 125 patent. |
| 14:02:48 | 21 | MR. WALDROP:  Yes, your Honor.  In addition to |
| 14:02:49 | 22 | any other patent that Apple would have been willing to |
| 14:02:52 | 23 | collaborate with Fintiv on.  Yes, your Honor. |
| 14:02:53 | 24 | THE COURT:  Okay.  Mr. Ravel.  Mr. Ravel, you're |
| 14:03:02 | 25 | on mute. |

| | | |
|---|---|---|
| 14:03:04 | 1 | MR. RAVEL:  Mr. Waldrop, will you leave that |
| 14:03:06 | 2 | slide up for the first part of my rebuttal argument? |
| 14:03:10 | 3 | MR. WALDROP:  Absolutely.  Anything for you, |
| 14:03:11 | 4 | Steve.  Absolutely. |
| 14:03:13 | 5 | MR. RAVEL:  Well, you know, Judge, I'm |
| 14:03:15 | 6 | remarkably -- |
| 14:03:16 | 7 | THE COURT:  Mr. Ravel, I think you need to pull |
| 14:03:18 | 8 | your mic down because I can't hear you. |
| 14:03:21 | 9 | MR. RAVEL:  How's this, Judge? |
| 14:03:23 | 10 | THE COURT:  Much better.  Thank you. |
| 14:03:25 | 11 | MR. RAVEL:  I'm remarkably regrettable of all |
| 14:03:28 | 12 | those nice things that I said about Mr. Waldrop in my |
| 14:03:33 | 13 | opening argument. |
| 14:03:34 | 14 | THE COURT:  I say nice things about you all the |
| 14:03:36 | 15 | time and I never regret it. |
| 14:03:38 | 16 | MR. RAVEL:  Okay.  Well, let me put it in a |
| 14:03:39 | 17 | different way, Judge.  I'm not the least bit regretful of |
| 14:03:42 | 18 | all the nice things I said about Mr. Waldrop, but that |
| 14:03:44 | 19 | doesn't mean that this responsive argument could be any |
| 14:03:50 | 20 | more wrong. |
| 14:03:53 | 21 | First of all, there's a little -- there's a lot |
| 14:03:57 | 22 | of spin going on here.  And you asked the question that I |
| 14:03:59 | 23 | would have asked and that is, is this a single slide?  No. |
| 14:04:05 | 24 | Notice what I said about line item 29.  Candidly, I put it |
| 14:04:12 | 25 | before you that Mozido told somebody at Apple and it was |

14:04:18  1   argued to you back on the willfulness hearing.  And, you

14:04:23  2   know, Judge, that's the one day that I was sick since you

14:04:26  3   went on the bench, and I so regret -- really do regret

14:04:30  4   missing that hearing.  But it gave me the opportunity to

14:04:34  5   review what happened there afresh.  So it is brand new to

14:04:40  6   me.

14:04:43  7            And let me say, remember what I said to you in my

14:04:45  8   opening argument that somebody at Mozido told somebody at

14:04:50  9   Apple, and at the willfulness hearing, the cases that say

14:04:56  10  one of 10, 15, 20, 25,000 employees having some little

14:05:03  11  piece of circumstantial evidence is not imputed to Apple,

14:05:08  12  but taking what Apple actually saw at its face and taking

14:05:15  13  it as true, somebody at Apple was told that Mozido had a

14:05:23  14  patent about managing mobile wallet and related

14:05:27  15  credentials.  Nothing more.  No abstract.  No description.

14:05:35  16  No discussion of the problem sought to be solved.

14:05:46  17            So let's take slide 16 as true, which is what I

14:05:52  18  want you to do or I wouldn't have put it before you

14:05:55  19  myself.  And let's take everything that Mr. Waldrop said

14:06:02  20  in his presentation today as true.  None of that is in any

14:06:11  21  complaint.  And I take a little umbrage to how we could

14:06:16  22  have filed a 12(b)(6) or 12(c) motion trying to get rid of

14:06:25  23  indirect infringement from a case -- from a pleading that

14:06:28  24  was never filed.  Who would do that?  Why would you

14:06:30  25  consider it?

14:06:31    1          The procedural posture was, they filed a motion
14:06:35    2    to amend.  We opposed it successfully full stop.  We
14:06:44    3    brought this to the Court's attention by filing a 12(c)
14:06:47    4    motion to dismiss their live complaint, and we've said
14:06:50    5    we'll give them the benefit of every doubt and take as
14:06:54    6    true the provisions of the third amended complaint that I
14:07:00    7    went over with you, and that takes us right back to a
14:07:07    8    traditional 12(b), 12(c) situation.  Who could be more
14:07:13    9    bent over backward for them?
14:07:17   10          We take pleadings, facts from an unfiled
14:07:22   11    complaint, take them on in front of you, we for these
14:07:26   12    purposes only -- for today only, let's stipulate that all
14:07:31   13    that stuff that he said, which was far short of knowledge
14:07:37   14    of the patent or knowledge of infringement is true.  Let's
14:07:41   15    take me at my word that the reason we got down in the
14:07:47   16    weeds on all of that he said, she said was to show how
14:07:55   17    much they had been allowed to dig for what they never did
14:07:58   18    get to, which was knowledge of the patent and knowledge of
14:08:01   19    infringement, and again, stipulating for today only.
14:08:08   20    Don't consider anything we said outside of the four
14:08:12   21    corners of their unfiled pleading.  Decide this just like
14:08:17   22    a 12(b)(6) or a 12(c), and if you do that, the actual
14:08:24   23    pleadings as opposed to the outside stuff that I went over
14:08:26   24    with you doesn't get there.  The left half of his slide
14:08:31   25    12, which was the only thing anybody at Apple ever saw,

14:08:35  1  doesn't get there.

14:08:38  2          So with all due respect, I just don't think

14:08:40  3  they've laid a hand on the core argument that based on

14:08:43  4  their filed and unfiled pleading, four corners, they have

14:08:47  5  not followed this court's test about how to get any

14:08:51  6  further than the pleadings on the issue of pre-suit

14:08:55  7  indirect infringement.

14:09:00  8          THE COURT:  Mr. Waldrop, you can both respond to

14:09:03  9  Mr. Ravel and, of course, continue with anything else you

14:09:06  10 want to say in response overall to the argument on 12(c).

14:09:11  11         MR. WALDROP:  Thank you, your Honor.

14:09:12  12         You know -- thank you, Steve.  You know, I always

14:09:16  13 appreciate Steve, you know, complimenting me.  But I have

14:09:19  14 to set the table a little bit more for things that are

14:09:23  15 left out, which are important.

14:09:26  16         One, your Honor, I just want to give the Court

14:09:28  17 context that Mr. Luther who Apple deposed, this very

14:09:32  18 witness that they went and deposed and asked questions

14:09:34  19 about this because they wanted to know and we presented

14:09:37  20 him, he was a former employee that we had to find.  He had

14:09:41  21 left the company, and he was someone that we had to go

14:09:43  22 digging and find to get this information, and we wanted to

14:09:48  23 do it after that June 18.  So I wanted to let the Court

14:09:50  24 know, just being as candid as I can be, that is what

14:09:54  25 happened.

14:09:54  1        Second, your Honor, the motion to amend, your

14:09:59  2   Honor, was done -- set forth and done to add these facts

14:10:04  3   regarding willfulness, but they also bear on indirect

14:10:08  4   infringement, your Honor.  And at most, your Honor, what

14:10:12  5   we're talking about is in previous cases where you have

14:10:16  6   decided this, you have dismissed indirect infringement

14:10:19  7   claims, similar to what was stated in our second amended

14:10:22  8   complaint, but you have always allowed the parties during

14:10:25  9   the course of discovery to seek out information that can

14:10:28 10   be added to the complaint.

14:10:29 11        Your Honor, I don't think anyone disputes that

14:10:32 12   this information is fully in Apple's possession and fully

14:10:36 13   in Apple's notice area, your Honor.  And at most we're

14:10:39 14   talking about is -- Mr. Ravel talks about with respect to

14:10:42 15   procedure, whether or not this should be added to the

14:10:44 16   complaint, your Honor.  I don't think it's necessary, your

14:10:47 17   Honor, because it's in the case.  Their witnesses have

14:10:51 18   been deposed about this.  And a witness is going to come

14:10:54 19   to trial, you know, and testify that there were meetings

14:11:00 20   with Apple about licensing not only this patent but the

14:11:02 21   entire portfolio of -- in Fintiv's possession, your Honor.

14:11:06 22   Those are just the facts and that they were very excited

14:11:09 23   about the opportunity to collaborate with Apple.

14:11:11 24        THE COURT:  Mr. Luther is going to come and say

14:11:14 25   that?

| | | |
|---|---|---|
| 14:11:15 | 1 | MR. WALDROP:  Yes, your Honor. |
| 14:11:16 | 2 | THE COURT:  Mr. Ravel. |
| 14:11:20 | 3 | MR. RAVEL:  Judge, none of this stuff is pled. |
| 14:11:28 | 4 | The things that Mr. Waldrop brought to your attention are |
| 14:11:33 | 5 | far short of how he's describing them.  I don't see any |
| 14:11:42 | 6 | pleading or any evidence that Apple and Mozido talked |
| 14:11:47 | 7 | about licensing this whole portfolio, or that the person |
| 14:11:52 | 8 | from Apple was anything other than a flunkee or a function |
| 14:11:57 | 9 | -- or a, you know, not able to bind the company. |
| 14:12:02 | 10 | And I think we really need to be real clear here, |
| 14:12:05 | 11 | Judge.  Nothing -- how can this be a moving target?  I |
| 14:12:13 | 12 | mean, how can -- |
| 14:12:13 | 13 | THE COURT:  Mr. Ravel, let me say -- get back to |
| 14:12:17 | 14 | that.  Here's -- put yourself in my shoes.  I have Mr. |
| 14:12:22 | 15 | Waldrop, who is representing that Mr. Luther is -- I'm |
| 14:12:28 | 16 | leaving aside whether it's been pled or not but for the |
| 14:12:30 | 17 | purposes of this.  Mr. Waldrop is representing to me that |
| 14:12:39 | 18 | a witness is going to come and testify that he gave -- |
| 14:12:46 | 19 | identified a list of patents to a representative of Apple |
| 14:12:51 | 20 | in 2016, in discussions with regard to Apple taking a |
| 14:12:56 | 21 | license. |
| 14:12:57 | 22 | Here's my question is, are you saying that that |
| 14:13:02 | 23 | evidence does not exist or won't exist? |
| 14:13:11 | 24 | MR. RAVEL:  Judge, I'm not willing to spin for |
| 14:13:16 | 25 | you what evidence may come in or not, but I am willing to |

|          |    |                                                                      |
|----------|----|----------------------------------------------------------------------|
| 14:13:23 | 1  | say that that conclusion that there was a discussion about           |
| 14:13:29 | 2  | licensing is not in the pleadings, and it's not in what              |
| 14:13:34 | 3  | Mr. Waldrop decided to show you today in terms of proof.             |
| 14:13:46 | 4  | If Chief Justice Roberts was in Mr. Waldrop's                        |
| 14:13:49 | 5  | shoes and he came down off the bench and was an advocate             |
| 14:13:54 | 6  | for a while, it would not be appropriate for a                       |
| 14:13:59 | 7  | representation of counsel, Justice Roberts, Mr. Waldrop,             |
| 14:14:04 | 8  | which is not borne out by either pleading direct or                  |
| 14:14:10 | 9  | circumstantial evidence to be considered, frankly.  No               |
| 14:14:16 | 10 | matter how honest he is, it's not enough.                            |
| 14:14:19 | 11 | THE COURT:  Then let me ask Mr. Waldrop.  Mr.                         |
| 14:14:21 | 12 | Waldrop, I want you to tell me specifically where in the             |
| 14:14:24 | 13 | record Mr. Luther has either -- has given an affidavit or            |
| 14:14:29 | 14 | an interrogatory answer or in deposition testimony, Mr.              |
| 14:14:33 | 15 | Luther has said, I had discussions with Apple that                   |
| 14:14:36 | 16 | included the licensing of the -- specifically of the 125             |
| 14:14:41 | 17 | patent.  Where will I find that in the record?                       |
| 14:14:47 | 18 | MR. WALDROP:  What you would find in the record,                     |
| 14:14:49 | 19 | your Honor, is the excerpts that I provided in slides 8              |
| 14:15:00 | 20 | and slides 9 through 11 in which Mr. Luther discussed with           |
| 14:15:08 | 21 | Apple's representative about working at an NFC and rolling            |
| 14:15:13 | 22 | out Apple Pay and working with Apple and that -- and then,           |
| 14:15:17 | 23 | you will find in his deposition testimony that I could get           |
| 14:15:21 | 24 | that's not cited here where he implicated that he provided           |
| 14:15:25 | 25 | a slide presentation.  So that's on slide 12, your Honor,            |

14:15:29  1    of slides -- so slide 12.

14:15:31  2         THE COURT:  Slide 12 doesn't have the 125 patent.

14:15:34  3    You've added the 125 patent, but it doesn't have -- you've

14:15:38  4    added the 125 patent to what he actually showed, but that

14:15:43  5    didn't have it.  So tell me anywhere there's evidence

14:15:47  6    where Mr. Luther informed Apple of 125 patent, not just of

14:15:55  7    the 125 patent but in the context of asking Apple had any

14:15:59  8    interest in taking a license to it.

14:16:03  9         That is your -- that is what you have to show me

14:16:06  10   exists if you want to keep this in the case.

14:16:11  11        MR. WALDROP:  Your Honor, let me make sure that I

14:16:13  12   answer your question directly.  What we have evidence of

14:16:17  13   is Mr. Luther on the -- on slide 12 at 214, 8 through 11,

14:16:26  14   disclosed that he sent to Apple a listing of all the

14:16:30  15   patents that Fintiv owned at that time, and it included

14:16:34  16   the 125.  He did not specifically discuss the 125 with

14:16:38  17   them during those discussions in terms of -- but he

14:16:42  18   provided them with a listing all the patents and the

14:16:45  19   titles of the patents.  And what we have shown you is what

14:16:48  20   he would testify is item No. 29, right, that's on slide 12

14:16:53  21   -- and let me put that back up, your Honor.  On slide 12.

14:16:56  22   He will testify that item 29 corresponds to the 125 patent

14:17:02  23   that was in the presentation that he gave to Apple.

14:17:06  24        Was there a specific discussion about the 125

14:17:10  25   that is in this case?  No.  But he is indicating that item

14:17:16　1 | 29 is the 125 patent.  That is what he said at his
14:17:21　2 | deposition and that is what he will say at trial, and that
14:17:23　3 | was part of the package of items and IP that was available
14:17:27　4 | for Apple to license, acquire or collaborate on.  That is
14:17:30　5 | what is in the --
14:17:33　6 | 　　　　THE COURT:  Now, address Mr. Ravel's concern that
14:17:35　7 | none of this is in your -- is in any complaint.
14:17:42　8 | 　　　　MR. WALDROP:  Well, first of all, your Honor, we
14:17:44　9 | attempted to, one, provide a lot of this information in
14:17:49　10 | the third amended complaint.  That was denied.  Second,
14:17:52　11 | your Honor, as you know, in deposition and discovery, your
14:17:55　12 | Honor, you don't have to update your complaint with all
14:17:57　13 | the information that's adduced during discovery.  Rule 26
14:18:01　14 | says you only have to do that if the party's not aware of
14:18:05　15 | it, your Honor.
14:18:06　16 | 　　　　And Apple was amply aware of these meetings
14:18:09　17 | through our pleadings and through the very knowledge of
14:18:12　18 | the employees who are still at Apple, including Mr.
14:18:15　19 | Parker.  So that's what I would say about that, your
14:18:17　20 | Honor.
14:18:17　21 | 　　　　Third, your Honor, I would say, this court has
14:18:19　22 | routinely allowed the parties to conform the complaint to
14:18:24　23 | the evidence that's already in the case.  We're not
14:18:26　24 | talking about information that is unknown or new.  This is
14:18:30　25 | information that's been known for almost ten months.

| | |
|---|---|
| 14:18:34 | 1 |
| 14:18:37 | 2 |

1  What's really going on, your Honor, is there is, at most,

2  a technical violation.

3         And I understand that, your Honor, but, your

4  Honor, from our perspective, there has been notice here.

5  It's in the case, it's been fought over.  There are

6  disputes about what it means.  And what I would like to

7  point the Court to is, Mr. Ravel has never -- doesn't say

8  that this didn't happen.  Mr. Ravel's not going to say to

9  you:  No.  That meeting never happened with Mr. Parker.

10 Or we never got this presentation.

11        What they're arguing about is, what does it

12 really mean?  And we have facts -- I'll stop here.  Go

13 ahead.

14        THE COURT:  Mr. Waldrop, other than Mr. Luther,

15 is there any other evidence that you have of indirect

16 infringe -- I'm sorry, of not notice to Apple prior to the

17 date you filed suit?

18        MR. WALDROP:  Mr. Luther and their additional

19 witnesses who were at the meeting in Money 20/20, the

20 Money 20/20 conference, there is other witnesses who were

21 at that meeting that Mr. Parker where they were discussing

22 some licensing methods.  But this is what's in issue -- go

23 ahead.

24        THE COURT:  I thought it was in 2016, not 2020.

25 Am I missing dates?

| | | |
|---|---|---|
| 14:19:45 | 1 | MR. WALDROP:  I'm sorry, your Honor.  Let me be |
| 14:19:46 | 2 | clear.  In 2015, they met at a conference and there were |
| 14:19:51 | 3 | discussions there at the conference, and then, subsequent |
| 14:19:54 | 4 | months later, this is where there was ongoing activity in |
| 14:19:57 | 5 | which this presentation was provided afterward.  So there |
| 14:20:00 | 6 | was a meeting at the conference, initial excitement about |
| 14:20:02 | 7 | the opportunity of working together, and then, it |
| 14:20:05 | 8 | continued down between the parties in which further |
| 14:20:08 | 9 | information was presented to Apple.  So it stretched over |
| 14:20:10 | 10 | a course of months, your Honor. |
| 14:20:15 | 11 | THE COURT:  Who were the other witnesses? |
| 14:20:19 | 12 | MR. WALDROP:  The other witnesses include Mike |
| 14:20:21 | 13 | Love and Mr. Luther and Charlie Wigs, I think, was also at |
| 14:20:28 | 14 | that meeting.  But it was at least Mr. Mike Love was |
| 14:20:30 | 15 | there, as well.  There were multiple Mozido witnesses who |
| 14:20:32 | 16 | met Mr. Parker at the Money 20/20 conference in 2015. |
| 14:20:36 | 17 | THE COURT:  Is Mr. Love going to testify at |
| 14:20:38 | 18 | trial? |
| 14:20:39 | 19 | MR. WALDROP:  Yes, your Honor.  He is the |
| 14:20:40 | 20 | corporate rep. |
| 14:20:41 | 21 | THE COURT:  Okay.  Do you have anything else you |
| 14:20:43 | 22 | want to say on this issue? |
| 14:20:47 | 23 | MR. WALDROP:  No, your Honor.  Unless you have -- |
| 14:20:49 | 24 | unless you have specific questions.  The only thing -- |
| 14:20:52 | 25 | there was only one thing that I wanted to make sure that I |

14:20:55  1  address any questions you had before.  The last thing that

14:20:57  2  I wanted to say, your Honor.

14:20:59  3          THE COURT:  Go ahead, please.

14:21:01  4          MR. WALDROP:  And if I could go to slide -- this

14:21:05  5  is at slide 16, your Honor.  This just goes to the point,

14:21:10  6  your Honor, that Fintiv should be granted leave if that's

14:21:13  7  still an issue, your Honor, for the Court in terms of this

14:21:16  8  pleading issue, to add these facts that are already in the

14:21:19  9  record, limit it to only those facts that have been

14:21:21  10  discussed before, followed out by the parties, that that

14:21:25  11  is a -- that is something in the alternative that we seek,

14:21:28  12  your Honor.

14:21:28  13          And the last thing that I would add, your Honor,

14:21:30  14  is the colloquy back and forth between Mr. Ravel to me

14:21:36  15  just only highlights how this information is highly

14:21:40  16  relevant to a trier of fact.  How people of different

14:21:44  17  views could come to different conclusions about what Apple

14:21:46  18  knew and what Apple did not know or could have known.  And

14:21:50  19  moreover, your Honor, like I said before, there's rarely

14:21:53  20  you have cases like this where the parties are talking

14:21:57  21  about licensing both in person and in conversations

14:21:59  22  continuing after where there's still the same -- where the

14:22:04  23  people involved are still with the same company and

14:22:07  24  involve the same technology that we're finding here.  This

14:22:09  25  is rare evidence, your Honor.  This is highly material and

| | | |
|---|---|---|
| 14:22:12 | 1 | I think would be relevant to a trier of fact.  And with |
| 14:22:15 | 2 | that, your Honor, I'll conclude. |
| 14:22:18 | 3 | MR. RAVEL:  May I be heard briefly, your Honor? |
| 14:22:20 | 4 | THE COURT:  Mr. Ravel. |
| 14:22:22 | 5 | MR. RAVEL:  Yeah, Mr. Waldrop, to save time, |
| 14:22:24 | 6 | would you go back to your slide 12, rather than having me |
| 14:22:28 | 7 | bring up mine that's got the same -- one of the same |
| 14:22:30 | 8 | pictures in it? |
| 14:22:32 | 9 | MR. WALDROP:  I am your servant, Mr. Ravel.  I'll |
| 14:22:35 | 10 | get back there very quickly.  Slide 12.  I'm there. |
| 14:22:39 | 11 | MR. RAVEL:  Okay.  First of all, did Mr. Waldrop |
| 14:22:42 | 12 | really think he was really going to be able to bait me to |
| 14:22:45 | 13 | step into that trap of saying what happened and what |
| 14:22:48 | 14 | didn't happen when I was here on a 12(b) or a 12(c) |
| 14:22:52 | 15 | motion?  Not a chance. |
| 14:22:54 | 16 | Judge, 30-odd months into this case, outside of a |
| 14:23:03 | 17 | pleading, we have one line on a piece of paper that says |
| 14:23:13 | 18 | Mozido told Apple it had a patent that covered managing |
| 14:23:19 | 19 | mobile wallet and related credentials.  That is not notice |
| 14:23:28 | 20 | of -- in the context of 40, that's not notice of the |
| 14:23:31 | 21 | patent.  It's clearly not notice of infringement of the |
| 14:23:34 | 22 | patent.  It's certainly not notice under contributory that |
| 14:23:43 | 23 | iPhone, iWatch, Mac and iPad only exist to infringe the |
| 14:23:50 | 24 | 125 patent.  It's just not enough, Judge. |
| 14:23:54 | 25 | Again, for today only, only today, let's |

| | | |
|---|---|---|
| 14:24:01 | 1 | stipulate that line 29 was in the live pleading. |
| 14:24:06 | 2 | Everything that I said and argued is still accurate, is |
| 14:24:11 | 3 | not enough under this court's test, and this court is |
| 14:24:15 | 4 | really clear.  It says, I will let you have a reasonable |
| 14:24:20 | 5 | time into discovery to put the best face on it you can. |
| 14:24:25 | 6 | And if this is the best face they can put on it, taken |
| 14:24:31 | 7 | pre-suit, indirect infringement at this case right now is |
| 14:24:35 | 8 | what the Court should do. |
| 14:24:40 | 9 | THE COURT:  Mr. Waldrop, anything else before we |
| 14:24:41 | 10 | move to the next issue? |
| 14:24:46 | 11 | MR. WALDROP:  The only thing I would add is, your |
| 14:24:48 | 12 | Honor, you know, look, like I said, I think this is the |
| 14:24:50 | 13 | kind of evidence you always want.  I think that if when |
| 14:24:53 | 14 | you were practicing, when anybody is practicing, they |
| 14:24:55 | 15 | would want to know this information.  It's highly |
| 14:24:57 | 16 | relevant, your Honor.  And with that, I'll conclude, your |
| 14:25:00 | 17 | Honor.  And the jury should decide. |
| 14:25:02 | 18 | THE COURT:  Mr. Ravel, what's the next issue? |
| 14:25:05 | 19 | MR. RAVEL:  Mr. Cunningham is going to have a |
| 14:25:07 | 20 | discussion with you about the status of Fintiv's |
| 14:25:11 | 21 | infringement contentions.  I'll turn the baton over to |
| 14:25:15 | 22 | him. |
| 14:25:15 | 23 | THE COURT:  Okay. |
| 14:25:17 | 24 | MR. CUNNINGHAM:  May it please the Court, your |
| 14:25:19 | 25 | Honor, and good afternoon again. |

14:25:21  1          I want to start by saying how happy I am, in

14:25:24  2   particular, and our firm is to be involved in this case

14:25:26  3   now.  And I'm very much looking forward to being

14:25:30  4   physically in your courtroom at some point in time.  So

14:25:34  5   thanks for having us today.

14:25:35  6          Your Honor, I have a little bit of bad news and

14:25:40  7   that is that I don't have slides, so unfortunately, you're

14:25:43  8   going to have to look at me while I do this.

14:25:48  9          THE COURT:  How about we do -- how about we let

14:25:49  10  Mr. Waldrop put up one of his slides?

14:25:55  11         MR. WALDROP:  I will do it.  I will do it.

14:25:58  12         MR. CUNNINGHAM:  So, your Honor, I think this

14:26:01  13  motion is actually fairly simple.  And when I came in in

14:26:05  14  cold and read the motion, I immediately saw that it sort

14:26:09  15  of divides into two buckets of information.  Bucket number

14:26:13  16  one are infringement theories that were put forward for

14:26:18  17  the first time in these September 2020 infringement

14:26:22  18  contentions.  And that was the fifth set of infringement

14:26:25  19  contentions.  I think we're now up to set No. 7.  But the

14:26:30  20  fifth one is sort of the operative one for this particular

14:26:34  21  motion.

14:26:34  22         And we contend that those new infringement

14:26:38  23  theories were not authorized by the Court's August 2020

14:26:41  24  order.  Bucket number two are claim limitations for which

14:26:46  25  we contend that Fintiv has not provided sufficient

| | | |
|---|---|---|
| 14:26:49 | 1 | infringement contentions, and that insufficiency has now |
| 14:26:53 | 2 | carried forward into the infringement expert report that |
| 14:26:57 | 3 | we've now received since we filed this motion. |
| 14:27:00 | 4 | So regardless of which bucket of information |
| 14:27:03 | 5 | you're looking at in these contentions, we think the right |
| 14:27:07 | 6 | result in both buckets is to strike the either |
| 14:27:11 | 7 | unauthorized or insufficient infringement theories that |
| 14:27:14 | 8 | are in this fifth set of infringement contentions. |
| 14:27:21 | 9 | So I'm going to take bucket number one first. |
| 14:27:23 | 10 | And as I sort of got into the papers, I realized, and I |
| 14:27:27 | 11 | think I'm right, that what this really comes down to is, |
| 14:27:29 | 12 | what did your Honor order that the parties could do in |
| 14:27:33 | 13 | that August 2020 hearing?  And so, I just read the record |
| 14:27:38 | 14 | cold, and I came to a conclusion that I think our position |
| 14:27:41 | 15 | is the correct one, and that is, we interpreted and |
| 14:27:47 | 16 | interpret your August 2020 order as ordering a limited set |
| 14:27:51 | 17 | of supplementation that would be related to the new |
| 14:27:54 | 18 | products that you authorized them to bring into the case. |
| 14:27:57 | 19 | That is, the iPads and Macs, number one.  And number two, |
| 14:28:03 | 20 | that they would be permitted to provide infringement |
| 14:28:06 | 21 | contentions that relate to the new Markman terms that you |
| 14:28:10 | 22 | were going to construe, based on the fact that those new |
| 14:28:13 | 23 | products were coming in.  And those terms, as you'll |
| 14:28:17 | 24 | recall, were contactless, mobile device and registering |
| 14:28:21 | 25 | the mobile wallet application.  So those were the three |

14:28:24   1   terms that you thereafter construed.

14:28:27   2        On the other hand, it seems -- it appears to me

14:28:31   3   that Fintiv takes the position that your August 5th, 2020

14:28:35   4   order gave them essentially free rein to add any theories

14:28:39   5   they wanted, based on a statement you made at the hearing

14:28:41   6   that they would be permitted to, and I'll quote, provide

14:28:45   7   any additional infringement contentions it believes are

14:28:49   8   appropriate, end quote.

14:28:51   9        Now, of course, I wasn't at that hearing.  I

14:28:53  10   wasn't involved in this case, but I did pick up the skill

14:28:56  11   of reading in the last couple of years.  And so, I read

14:29:00  12   that transcript very carefully.  And I further went

14:29:03  13   forward and read every single word that has come out of

14:29:09  14   your Honor's mouth since the date of that hearing.  So all

14:29:11  15   of the other hearings, including the subsequent Markman

14:29:13  16   hearings, to sort of discern for myself what we think that

14:29:18  17   you intended to permit.

14:29:20  18        And one thing you said at that hearing, that

14:29:24  19   August 5th hearing was, and I'll quote again, that the

14:29:27  20   issues being addressed were, quote, really more about

14:29:31  21   including additional products under the same theories, end

14:29:35  22   quote.  And you also said that you -- if you were going to

14:29:38  23   allow the additional products in, that you would offset

14:29:41  24   that in any way I can to make sure that Apple is

14:29:45  25   protected.

14:29:45  1          You also gave, I believe it was, Mr. Waldrop the

14:29:49  2    opportunity to suggest anything to the Court about what

14:29:52  3    you were proposing, and the answer to that question was

14:29:55  4    no.  And so, when we left the hearing -- and I've spoken

14:29:59  5    to co-counsel and I've spoken to Mr. Ravel -- we believed

14:30:03  6    it was very clear that there would be a limited set of

14:30:06  7    supplementation, based on the new products obviously.  And

14:30:09  8    we don't have any quarrel with the infringement

14:30:12  9    contentions, based on iPads and Macs, although, you know,

14:30:15  10   obviously we didn't like the result of that.  We don't

14:30:18  11   have any quarrel with those infringement contentions.  And

14:30:23  12   then, infringement contentions that were specifically

14:30:24  13   related to the new terms that were going to be construed.

14:30:28  14          So, as I said, I didn't stop reading with that

14:30:31  15   transcript.  I went forward and read some of the other

14:30:34  16   things that your Honor has said.  And in the October 21

14:30:40  17   Markman hearing, there's a further colloquy where you say,

14:30:43  18   the Court is going to allow the plaintiff to amend its

14:30:46  19   infringement contentions now that it has this

14:30:49  20   construction.  And that was the construction of mobile

14:30:53  21   device.  And the defendant will be allowed to amend their

14:30:54  22   invalidity contentions in the same sequence that always

14:30:57  23   occurs now that I've amended this.  And that's on page 42

14:31:00  24   of that transcript.

14:31:01  25          And then, Mr. Jensen came back in just a few

| | |
|---|---|
| 14:31:06 | 1 |
| 14:31:11 | 2 |
| 14:31:14 | 3 |
| 14:31:18 | 4 |
| 14:31:21 | 5 |
| 14:31:25 | 6 |
| 14:31:30 | 7 |
| 14:31:33 | 8 |
| 14:31:38 | 9 |
| 14:31:41 | 10 |

1  minutes later and sought clarification where he asks:  We

2  understand your Honor's guidance here to refer to an

3  opportunity for Fintiv to amend its infringement

4  contentions solely with respect to the issues relating to

5  this particular claim term, the mobile device.  This is

6  not an opportunity for them to redo and add new theories

7  to their existing contentions, based on other claim

8  limitations, et cetera, end quote.  Your response, that's

9  correct.  Mr. Jensen says, is that correct?  The Court

10  says yes, sir.

11          So when I read that all as a package -- and, you

12  know, again, I'm giving it a cold read.  I wasn't at these

13  hearings.  I believe that your August 2020 order -- and

14  you're obviously the arbiter of what you intended to

15  order.  I believe your August 2020 order was quite clear

16  that the new contentions were going to be related to iPads

17  and Macs or related to these three new claim

18  constructions, and that's all.

19          Now, that's not what we have here.  We have quite

20  a number of new contentions that are unrelated to iPads

21  and Macs.  In fact, they're related to the products that

22  have been in this case since day one and unrelated to the

23  three new claim constructions that your Honor gave.  And

24  we've listed those new theories on page 4 of our opening

25  brief.  And I won't list them in my argument because

14:32:35　1　they're there.  I will make the point, though, that these

14:32:39　2　new theories that we've listed on page 4 of our opening

14:32:44　3　brief don't have anything to do with the three terms that

14:32:46　4　were thereafter briefed, contactless, mobile device and

14:32:49　5　registering.

14:32:50　6　　　　　And I am going to try and do one thing, your

14:32:53　7　Honor, that I might screw up.  I'm going to show you an

14:32:56　8　exhibit that we've provided your Honor.  And I didn't have

14:32:58　9　any role in preparing this, but I think it's a really nice

14:33:02　10　-- can you see this, your Honor?

14:33:05　11　　　　　THE COURT:  (Indicating affirmatively.)

14:33:07　12　　　　　MR. CUNNINGHAM:  So this is Exhibit 12 to our

14:33:10　13　opening brief.  And I get to be gushy about this because I

14:33:13　14　had no role in preparing this.  But what it does is, it

14:33:15　15　sets forth the infringement contentions, the fifth set,

14:33:17　16　and for everything that we contend is new, it's

14:33:23　17　highlighted in yellow.  And for the things that we contend

14:33:25　18　are insufficient, we've highlighted in pink.  And so, it's

14:33:29　19　a -- really, for me, getting up to speed, it was a really

14:33:33　20　easy guide to determine, you know, what it was that we

14:33:36　21　were contending was new and what it was we were contending

14:33:39　22　is insufficient.

14:33:40　23　　　　　And so, I have one example of something that we

14:33:43　24　contend is new here.  And this is a doctrine of

14:33:49　25　equivalents argument that's based on the claim term

| | | |
|---|---|---|
| 14:33:52 | 1 | "displaying a contactless card applet."  Now, the word |
| 14:33:57 | 2 | "contactless" appears in what I just read you, your Honor, |
| 14:34:01 | 3 | obviously.  But the point of the argument being made here, |
| 14:34:05 | 4 | the contention being made here is about the word |
| 14:34:08 | 5 | "displaying."  And you can read that right here.  Any |
| 14:34:12 | 6 | difference between presenting a virtual card and |
| 14:34:14 | 7 | displaying a contactless card applet is insubstantial. |
| 14:34:17 | 8 |      So this is not a contention about your |
| 14:34:23 | 9 | construction of contactless; rather, it's a contention |
| 14:34:25 | 10 | about what is or -- what does or does not display that |
| 14:34:31 | 11 | card applet?  And so, this theory could have been in the |
| 14:34:34 | 12 | first set of contentions.  It could have been in the |
| 14:34:36 | 13 | second set of contentions.  It could have been in the |
| 14:34:38 | 14 | third or the fourth, but it doesn't belong in a set of |
| 14:34:41 | 15 | contentions that were issued nine months after the final |
| 14:34:46 | 16 | contentions were due in this case. |
| 14:34:48 | 17 |      And besides, obviously these are doctrine of |
| 14:34:52 | 18 | equivalents opinions for the most part.  There are at |
| 14:34:56 | 19 | least three of these that are doctrine of equivalents |
| 14:35:00 | 20 | arguments.  And the plaintiff knew from day one that they |
| 14:35:02 | 21 | would need to allege DOE if that was going to be the path |
| 14:35:05 | 22 | they chose.  And so, what we think is not in dispute, your |
| 14:35:10 | 23 | Honor, is that all of the things in Exhibit 12 that are |
| 14:35:14 | 24 | set forth in yellow are new opinions, new contentions that |
| 14:35:19 | 25 | were issued to Apple about nine months after the deadline |

14:35:23   1   for final contentions.

14:35:25   2          Number two, that Fintiv did not seek leave to add

14:35:29   3   these particular theories.  What they sought leave to add

14:35:32   4   was theories related to iPads and Macs and theories

14:35:36   5   related to the specific claim terms that your Honor was

14:35:39   6   going to construe thereafter.  And again, as to those two

14:35:42   7   buckets of contentions, we do not -- this motion is not

14:35:46   8   about those.  We don't have a quarrel with those today.

14:35:49   9   And then, three, it's undisputed that the deadline for

14:35:51  10   final contentions was in January of 2020.

14:35:55  11          So I kind of go back to your OGP, your Honor, and

14:35:59  12   I know there's some folks on this Zoom call that had

14:36:03  13   perhaps some role in developing the OGP and the rules

14:36:07  14   surrounding that.  And I won't name any names, but the

14:36:11  15   rules are there for a reason.  The rules say if you're

14:36:14  16   going to try and amend your contentions after the final

14:36:17  17   deadline, you gotta ask me, you gotta get leave.

14:36:20  18          And the purpose for that, your Honor, if I can be

14:36:22  19   so bold as to say is to avoid the kind of chaos that we

14:36:26  20   have here where we're having this hearing.  I've got

14:36:29  21   rebuttal reports due next Thursday.  We've got summary

14:36:33  22   judgment motions coming up in June, and we're seeing new

14:36:37  23   theories coming in months and months after the final

14:36:40  24   deadline.

14:36:41  25          And so, the rules mean something, and I think

14:36:45 1 they mean that these new theories -- if your Honor agrees

14:36:48 2 with me about what you intended to order the parties to do

14:36:51 3 and not do in August, if you agree with me, I think the

14:36:54 4 yellow-highlighted theories need to come out of the

14:36:58 5 contentions, and then, I think we can meet and confer with

14:37:00 6 the other side about also removing these new theories from

14:37:04 7 the expert report that we got.

14:37:07 8        So, your Honor, for bucket number two, the key

14:37:12 9 question here is, is Apple as of the final contention date

14:37:17 10 on fair notice of what Fintiv will point to at trial, at

14:37:21 11 trial as satisfying certain claim limitations, and the

14:37:26 12 answer again from my cold read is no.  We've raised three

14:37:30 13 claim terms in this part of our motion, "widget," "rule

14:37:33 14 engine" and "storing and managing the mobile wallet

14:37:36 15 application on a server."  And for each of those, we don't

14:37:41 16 have a contention from Fintiv as of the final contention

14:37:46 17 date, and even as of the date of these later contentions

14:37:50 18 in September of 2020, as to what parts of the products

14:37:56 19 actually satisfy those three contentions.

14:37:59 20        And the expert report, your Honor, by the way,

14:38:00 21 doesn't solve these problems.  In fact, I think we'll be

14:38:04 22 talking to you later on in this case about how the expert

14:38:07 23 report in many ways makes the problems worse.

14:38:10 24        And so, if I can just start with "widget," and

14:38:13 25 then, I'll move through the other two relatively quickly.

| | | |
|---|---|---|
| 14:38:16 | 1 | The Court obviously remembers that the construction of |
| 14:38:19 | 2 | that term "widget" is software that is either an |
| 14:38:22 | 3 | application or works with an application.  And your Honor |
| 14:38:27 | 4 | explained in your Markman hearing, which I've also read, |
| 14:38:30 | 5 | that a person of ordinary skill in the art would not |
| 14:38:33 | 6 | understand that a widget is a standalone application but, |
| 14:38:36 | 7 | rather, as code, e.g., a plug-in that runs within an |
| 14:38:41 | 8 | application. |
| 14:38:42 | 9 | And so, we needed to know, your Honor, what code |
| 14:38:49 | 10 | that runs in an application is the claimed widget.  That |
| 14:38:54 | 11 | is what would have put us on notice of their infringement |
| 14:38:57 | 12 | contention with respect to this term.  And I submit to |
| 14:39:01 | 13 | your Honor that if you study the pink portions of the |
| 14:39:08 | 14 | Exhibit 12 that we've submitted to your Honor on the claim |
| 14:39:12 | 15 | term "widget," you will not see reference to anything that |
| 14:39:17 | 16 | can be fairly characterized as code that runs within an |
| 14:39:20 | 17 | application. |
| 14:39:21 | 18 | And I'm going to just get to that in -- right |
| 14:39:25 | 19 | now.  So this is where widget begins.  On information and |
| 14:39:39 | 20 | belief, et cetera, et cetera, and then, there's a series |
| 14:39:41 | 21 | of citations you see here, your Honor, on the first page |
| 14:39:44 | 22 | of their contentions regarding widget.  We have gone |
| 14:39:47 | 23 | through and confirmed that all of the documents you see |
| 14:39:50 | 24 | cited here and all of the support pages and all of the |
| 14:39:53 | 25 | deposition testimony don't make reference to a single line |

14:39:57   1   of code, of executable logic code.

14:40:00   2          So now we go to the examples that they give for

14:40:05   3   what a widget is.  A widget and a wallet management

14:40:12   4   applet, WMA, corresponding to the contactless card applet

14:40:15   5   are retrieved as illustrated in the screen shots below.

14:40:19   6   And then, what we see are images of credit cards.  And

14:40:22   7   this, by the way, your Honor, for the record, is Exhibit

14:40:25   8   12 at page 48.  And again, the accused pair, a widget, as

14:40:32   9   illustrated in the screen shots below, we see images.

14:40:35   10  Well, obviously, your Honor, images aren't code, nor are

14:40:41   11  the data files that are cited later on in these

14:40:43   12  contentions, nor are the card art images that are cited

14:40:48   13  later on.

14:40:49   14         And if you look closely at the briefing, it's

14:40:55   15  always expressed in -- that saying various things are with

14:40:59   16  respect to a widget or for a widget, and that language is

14:41:03   17  there for a reason because they're not telling us what the

14:41:07   18  widget is.  They're telling us what things are with

14:41:09   19  respect to the widget or for the widget.  But you will

14:41:14   20  search their brief.  And I'm talking about page 7 of their

14:41:17   21  proposition brief, in vain, for any statement that says

14:41:19   22  this software code, this file, this set of source code

14:41:24   23  functions, these lines of code, these are the -- this is

14:41:28   24  the claimed widget, it just isn't there, your Honor.

14:41:32   25         And in my view, the notice requirement of

| | |
|---|---|
| 14:41:36 | 1 |

14:41:36  1  infringement contentions, at a very minimum, required them

14:41:39  2  to say that.  And we may have a disagreement about what it

14:41:42  3  is or is not, but we need to know what it is that

14:41:46  4  satisfies the Court's construction that they allege is the

14:41:49  5  widget.  And it's not in the contentions, and, frankly,

14:41:52  6  your Honor, it's not in the briefing either.  And it's

14:41:54  7  certainly not in the expert report.

14:41:56  8       So the question I have is, when am I going to see

14:41:59  9  it for the first time?  Am I going to see it for the first

14:42:02  10  time in a deposition of the expert?  Am I going to see it

14:42:04  11  for the first time in response to a summary judgment

14:42:07  12  motion?  Or worse yet, am I going to see it for the first

14:42:10  13  time when their expert takes the stand at trial?

14:42:13  14       And so, you know, we cited the Rapid Completions

14:42:17  15  case out of the Eastern District of Texas in our briefing.

14:42:20  16  And in that case, Judge Mitchell found that quoting

14:42:24  17  diagrams and screen shots from the products does not put a

14:42:29  18  defendant on notice of where the plaintiff believes the

14:42:31  19  asserted elements are found in an instrumentality, which

14:42:34  20  is the exact information that plaintiff is supposed to be

14:42:38  21  revealing in its infringement contentions.

14:42:39  22       And she found in that case that it was

14:42:43  23  particularly true because the only additional explanatory

14:42:46  24  text is conclusory and merely parrots the claim language.

14:42:53  25  And so, we're in an untenable position here, your Honor,

| | | |
|---|---|---|
| 14:42:55 | 1 | where we're left -- we're guessing what we think they |
| 14:42:58 | 2 | might eventually point to, but it's far too late for them |
| 14:43:01 | 3 | now to point to something that actually constitutes |
| 14:43:05 | 4 | executable logic code that runs inside one of these |
| 14:43:10 | 5 | applications, and we just don't have that. |
| 14:43:13 | 6 | And so, I think at this point, your Honor, I want |
| 14:43:17 | 7 | to wrap up and say, you know, where does this leave us? |
| 14:43:20 | 8 | Where does this leave us?  You know, we can't have |
| 14:43:23 | 9 | something new come out of the expert's mouth in a |
| 14:43:26 | 10 | deposition.  We can't have something new come out at |
| 14:43:28 | 11 | trial.  We needed to know this information as of last |
| 14:43:31 | 12 | January.  We needed to know what they think the widget is, |
| 14:43:34 | 13 | what they think the rule engine is, and what they think |
| 14:43:36 | 14 | manages and stores these things, and we simply don't have |
| 14:43:40 | 15 | it in these contentions.  And, frankly, we don't have it |
| 14:43:42 | 16 | in the expert report either. |
| 14:43:48 | 17 | And so, your Honor, I think I'm just going to |
| 14:43:50 | 18 | stop right there and ask if you have any questions, and if |
| 14:43:53 | 19 | not, I will turn it over to opposing counsel. |
| 14:43:56 | 20 | THE COURT:  Mr. Waldrop. |
| 14:43:58 | 21 | MR. WALDROP:  Thank you, your Honor.  I do have |
| 14:44:02 | 22 | slides, your Honor.  So if you'll permit me to share my |
| 14:44:05 | 23 | screen, your Honor. |
| 14:44:14 | 24 | So may it please the Court again, I'm John |
| 14:44:23 | 25 | Waldrop on behalf of the plaintiff of this case, your |

14:44:25  1  Honor.

14:44:26  2        Apple's motion to strike should be denied.  This

14:44:30  3  is a case that turns on the answers to three important

14:44:33  4  questions, your Honor.  First, did the Court's August 5th,

14:44:39  5  2020 order directing Fintiv to provide, and I quote, any

14:44:43  6  additional infringement contentions it believes are

14:44:45  7  appropriate, provide sufficient leave to permit Fintiv to

14:44:50  8  serve amended infringement contentions on September 11,

14:44:53  9  2020?  The answer to this question is yes.

14:44:57  10        Second, your Honor, was Fintiv permitted to serve

14:45:03  11  amended contentions on September 11, 2020, after the

14:45:05  12  Court's supplemental claim construction hearing on August

14:45:09  13  28th, 2020, requested by Apple, per the Court's standing

14:45:15  14  rules and specifically the agreed-upon order in this case?

14:45:19  15  The answer to that question, your Honor, is yes.

14:45:22  16        Finally, your Honor, has Fintiv shown under the

14:45:25  17  relevant four-factor test that it was appropriate to serve

14:45:29  18  amended infringement contentions on September 11 in this

14:45:33  19  case?  And finally, the answer to that question is yes.

14:45:37  20  As such, your Honor, Apple's motion to strike Fintiv's

14:45:41  21  infringement contentions should be denied.

14:45:43  22        And unless the Court has specific questions, I

14:45:47  23  was going to lay out and take up each of these questions

14:45:51  24  in turn and lay out as to somewhat of my confusion and

14:45:56  25  bafflement that we're here.  But before I do that, your

14:45:58  1   Honor, I wanted to give the Court an opportunity to ask me

14:46:01  2   whatever questions.  And if you have none, your Honor,

14:46:07  3   I'll go forward.

14:46:08  4           THE COURT:  I have none.

14:46:10  5           MR. WALDROP:  First, your Honor, the first

14:46:15  6   question which sets the table here is, was the Court's

14:46:18  7   August 5th, 2020 order sufficient?  And on slide 2, your

14:46:21  8   Honor, I set forth an overview of our argument.  One, we

14:46:27  9   were authorized to do this on 9-11, your Honor, and I'll

14:46:30  10  get back to why we believe that's the case.  Two, your

14:46:33  11  Honor, Apple fails to rebut any of the four-factor

14:46:36  12  analysis regarding the 9-11 infringement contentions.  And

14:46:41  13  then, finally, your Honor, there's no prejudice from the

14:46:43  14  September 11 infringement contention, your Honor.

14:46:45  15          And I appreciate and I'm happy that Mr.

14:46:49  16  Cunningham's in the case, but the idea that this is new

14:46:53  17  and that there's some prejudicial issue after eight

14:46:55  18  months, your Honor, there's no prejudice.  And in fact,

14:46:58  19  Apple has responded to these, what they call, new

14:47:02  20  infringement theories in its interrogatory responses

14:47:05  21  regarding non-infringement.  So this has been debated and

14:47:09  22  followed for quite some time, your Honor.

14:47:11  23          So as you may recall, your Honor -- I'll stop

14:47:14  24  there.

14:47:14  25          THE COURT:  Mr. Waldrop, let me interrupt you for

| | | |
|---|---|---|
| 14:47:16 | 1 | a second. |
| 14:47:19 | 2 | Mr. Cunningham, when did you -- when did Apple |
| 14:47:23 | 3 | receive the infringement contentions that you were |
| 14:47:26 | 4 | discussing today? |
| 14:47:28 | 5 | MR. CUNNINGHAM:  I believe it's accurately set |
| 14:47:31 | 6 | forth on that slide.  It was September 11 or thereabouts |
| 14:47:35 | 7 | of 2020. |
| 14:47:36 | 8 | THE COURT:  Okay. |
| 14:47:40 | 9 | MR. WALDROP:  So if I can continue, your Honor. |
| 14:47:43 | 10 | As you may recall -- and I'd like to go to slide |
| 14:47:46 | 11 | 4, your Honor.  As you may recall, Fintiv has certainly |
| 14:47:50 | 12 | and diligently worked for leave to amend its infringement |
| 14:47:53 | 13 | contentions per the Court's orders -- and I'll come back |
| 14:47:56 | 14 | to that -- and we did so on July 1st, 2020.  And we did |
| 14:48:00 | 15 | this, your Honor, not because we think we needed to, but |
| 14:48:03 | 16 | we did so in the belief to address Apple's complaints |
| 14:48:07 | 17 | throughout the case about needing additional detail in our |
| 14:48:11 | 18 | infringement contentions and mostly to avoid motion |
| 14:48:15 | 19 | practice. |
| 14:48:15 | 20 | So we worked pretty fastidiously, your Honor, to |
| 14:48:19 | 21 | meet these complaints throughout the entire case.  Apple's |
| 14:48:23 | 22 | complaints, your, Honor, were more focused on the how and |
| 14:48:25 | 23 | not the what regarding infringement, which we believe was |
| 14:48:29 | 24 | a matter for expert discovery but is an attempt to later |
| 14:48:35 | 25 | say we added detail upon detail.  And I'm glad that Mr. |

14:48:38  1  Cunningham showed you some of those infringement

14:48:39  2  contentions because, your Honor, they cite tons of

14:48:42  3  evidence.  They are fulsome, your Honor.  They are not

14:48:46  4  skeletal.  There is documents and source code for every

14:48:50  5  single element.

14:48:50  6          Now, after receiving our amended infringement

14:48:55  7  contentions, your Honor, on July 1st, 2020, Apple

14:48:58  8  requested additional claim construction on a number of

14:49:02  9  counts.  The Court then set a supplemental claim

14:49:05  10  construction date for August 28th, 2020.  So on August

14:49:12  11  5th, the Court set a hearing on supplemental claim

14:49:14  12  construction.  The record is clear from Fintiv's

14:49:20  13  perspective that the Court's August 5th, 2020 order

14:49:24  14  directing Fintiv to provide any additional infringement

14:49:28  15  contentions that Fintiv believes were appropriate was

14:49:30  16  exactly that, and that's what exactly Fintiv did on

14:49:33  17  September 11, 2020.

14:49:35  18          In fact, your Honor, we took that as an order to

14:49:38  19  us to make sure all issues were presented to the Court in

14:49:43  20  connection with claim construction and so that we could

14:49:45  21  resolve all of this at that time, your Honor.  I would

14:49:49  22  like to direct the Court -- let me stop for a second

14:49:52  23  there, your Honor.

14:49:53  24          Now, thereafter, I want to make -- note that on

14:49:55  25  the timeline, your Honor, fact discovery closed on

14:49:58  1   December 18, 2020.  And the close of expert discovery is

14:50:01  2   within a several weeks, May 24, 2021.  And as counsel's

14:50:08  3   argument presented, they already have our infringement

14:50:09  4   report and our damages report.  And, your Honor, it wasn't

14:50:12  5   like Apple was not amending its invalidity contentions

14:50:15  6   after September 11th, and they did so throughout the case.

14:50:20  7   Both parties diligently tried to address each's concerns

14:50:23  8   regarding what they considered was in the case and what

14:50:25  9   wasn't in the case.

14:50:28  10          Now, in its motion, your Honor -- so let me stop

14:50:33  11  there, your Honor.  I want to direct the Court to slide 6.

14:50:39  12  Now, no one disputes that the Court ordered this and

14:50:41  13  that's what happened.  And from my perspective, this

14:50:44  14  should be the end of that inquiry and Apple's motion

14:50:47  15  should be denied.  But what Apple is arguing is that any

14:50:50  16  such amendment to the infringement contentions by Fintiv,

14:50:53  17  ordered by this court, should be limited to the issues

14:50:56  18  surrounding the supplemental claim construction that Apple

14:50:59  19  requested from the Court.

14:51:01  20          And, your Honor, on slide 6, I'm setting forth

14:51:05  21  the Court's instruction an order on August 5th, 2020,

14:51:09  22  setting the September 11 date for Fintiv's amended

14:51:13  23  infringement contentions did not only relate to new

14:51:16  24  products or iPads or Macs, even claim constructions.  And

14:51:20  25  in fact, I represented -- I presented to you in bullet

14:51:24  1   two, exactly what the Court said:  Any additional

14:51:27  2   infringement contention it believes are appropriate.

14:51:29  3          On the third bullet, your Honor, you had already

14:51:33  4   granted the addition of the iPads and Macs into the case,

14:51:37  5   which we had not received discovery of, you had granted

14:51:40  6   that on the bench on August 5th, 2020.  Apple's argument

14:51:45  7   that the September 11 order doesn't relate to iPads and

14:51:49  8   Macs doesn't jibe with exactly what this court said.  And

14:51:51  9   I understand opposing counsel wasn't there, but I just

14:51:53  10  wanted to set the record complete on that, your Honor.

14:51:57  11         So this additional argument that opposing counsel

14:52:00  12  has raised leads to the second question, which was, was

14:52:04  13  Fintiv permitted to serve amended infringement contentions

14:52:07  14  on September 11, 2020, after the Court's supplemental

14:52:11  15  claim construction hearing on August 28th?  Now, I would

14:52:16  16  like to direct the Court to slide 7.

14:52:19  17         Now, I understand that counsel was not --

14:52:22  18  opposing counsel was not in the case, and this was agreed

14:52:24  19  to by different counsel.  But what I've put forth to the

14:52:28  20  Court on slide 7 is an excerpt from the agreed amendment

14:52:33  21  -- order governing proceedings in patent cases.  So this

14:52:36  22  is your current order, your Honor.  And then, the footnote

14:52:39  23  from the agreed scheduling order between the parties.  So

14:52:41  24  this is what Fintiv and Apple both agreed.

14:52:44  25         And, your Honor, you are clear that the parties

14:52:49  1  should seasonably amend preliminary infringement

14:52:52  2  contentions when a party believes that its contentions

14:52:55  3  should be supplemented.  That is set forth on footnote one

14:52:58  4  in our agreed scheduling order.  It specifically says the

14:53:01  5  parties may amend preliminary infringement contentions and

14:53:04  6  preliminary invalidity contentions without leave of court

14:53:06  7  so long as counsel certifies that it undertook reasonable

14:53:10  8  efforts to prepare its preliminary contentions and the

14:53:13  9  amendment's based on material identified after those

14:53:15  10  preliminary contentions were served.

14:53:16  11       That is exactly what we have done, your Honor,

14:53:19  12  through every single amendment to the contentions in this

14:53:24  13  case.  We got access to discovery, we amended our

14:53:29  14  infringement contentions.  As you may recall, deposition

14:53:31  15  and source code access was limited for about five months

14:53:34  16  as a result of COVID.  We weren't even able to go to

14:53:36  17  opposing counsel's offices to review source code for many

14:53:39  18  months.  Depositions did not start until about May or

14:53:43  19  June.  And so, your Honor, as soon as we got information,

14:53:45  20  we immediately started updating it per the agreed

14:53:48  21  scheduling order in this case on footnote one.

14:53:51  22       Now, your order governing proceedings, your

14:53:54  23  Honor, which also provides -- said that the deadline for

14:53:58  24  serving final infringement and invalidity contentions --

14:54:01  25  says that the deadline for serving final infringement

| | | |
|---|---|---|
| 14:54:05 | 1 | contentions doesn't relieve the parties of their |
| 14:54:08 | 2 | obligation to seasonably amend if new identified |
| 14:54:11 | 3 | information is identified after initial contentions. |
| 14:54:13 | 4 | So this is the order governing proceedings which |
| 14:54:16 | 5 | came after the agreed order in our case.  And so, at all |
| 14:54:20 | 6 | times, we have complied.  And it makes sense, your Honor, |
| 14:54:23 | 7 | because the way this court thankfully does case scheduling |
| 14:54:27 | 8 | is, the parties do claim construction first, fact |
| 14:54:31 | 9 | discovery comes later.  And so, in that regime, as the |
| 14:54:33 | 10 | Court wisely has done, the Court allows for the parties to |
| 14:54:37 | 11 | adjust their infringement contentions as the case |
| 14:54:41 | 12 | develops. |
| 14:54:41 | 13 | Unlike in other jurisdictions where both fact and |
| 14:54:44 | 14 | claim construction proceedings are ongoing concurrently, |
| 14:54:47 | 15 | here, the plaintiff is given leeway by the Court and is |
| 14:54:52 | 16 | directed to update the infringement contentions as the |
| 14:54:54 | 17 | case progresses.  So there's nothing complicated here, |
| 14:54:58 | 18 | your Honor.  And what we did, we thought was consistent |
| 14:55:01 | 19 | with the agreed scheduling order and consistent with what |
| 14:55:03 | 20 | the Court expects, and that's exactly they way we acted |
| 14:55:08 | 21 | here. |
| 14:55:08 | 22 | So after the Court's August 28th, 2020 hearing, |
| 14:55:12 | 23 | which was a claim construction hearing, which the Court |
| 14:55:15 | 24 | allows for parties to update in their infringement and |
| 14:55:19 | 25 | invalidity contentions as a matter of course, eight weeks |

14:55:21  1   after Markman, the Court set a truncated date of two

14:55:25  2   weeks, and that's exactly what we did.

14:55:28  3          Now, in its motion, Apple identifies a number of

14:55:31  4   issues, many of which are moot, your Honor.  And there was

14:55:35  5   one slide where counsel for -- opposing counsel presented

14:55:41  6   something that he wanted stricken, your Honor.  That's not

14:55:43  7   -- it's been mooted.  It's not even in the expert report.

14:55:46  8   And so, this gets to the count of artificiality of this

14:55:49  9   proceeding given that the infringement contentions have

14:55:53  10  been in the case since September 11.  There's been

14:55:55  11  discovery responses from both parties on these issues.

14:55:58  12  And now there's an infringement report that serves as the

14:56:01  13  basis for our infringement positions in this case, and

14:56:05  14  he's presenting to you an argument that's not even being

14:56:08  15  advanced by our expert; so it's mooted.

14:56:12  16         And so, I would like to then point the Court to

14:56:14  17  slide 3 just to give a little bit more context for this,

14:56:18  18  your Honor.  And what's on slide 3 is a summary of the six

14:56:23  19  items that were in Apple's original briefing of issues

14:56:26  20  that they had with the infringement contentions.  And most

14:56:29  21  of these have been mooted and are not even being advanced,

14:56:33  22  your Honor, in our expert reports by our expert.

14:56:35  23         And so, what is -- they're not an issue.  So

14:56:38  24  essentially there's two-and-a-half issues for the Court's

14:56:40  25  consideration which are partially mooted because we have

14:56:45    1  -- we're not advancing those theories in the case.  So,
14:56:49    2  your Honor, on slide 5, your Honor, we have three issues
14:56:56    3  that counsel -- opposing counsel spent some time on
14:57:01    4  regarding the defectiveness of our infringement
14:57:03    5  contentions, your Honor.
14:57:04    6          Once again, going to the how and not the what,
14:57:07    7  your Honor, which we think is inappropriate for
14:57:09    8  contentions.  And, your Honor, it's clear there and my
14:57:12    9  point is proven exactly from their own language, if you
14:57:17   10  look at the second bullet, which is taken directly from
14:57:20   11  their brief -- and by the way, this is all mooted, your
14:57:22   12  Honor, because it's already in the expert report.
14:57:24   13          But they say in the second bullet, "the amended
14:57:27   14  final contentions also fail to disclose how Fintiv
14:57:31   15  believes Apple servers store."  Your Honor, that's why you
14:57:35   16  have expert reports.  Infringement contentions are not for
14:57:37   17  the how.  You know, your Honor, and that is the basis for
14:57:40   18  this entire motion is really a summary judgment motion.
14:57:43   19  It is really the attempt to get expert discovery which
14:57:46   20  they already have and will get as the case proceeds.
14:57:49   21          So, your Honor, I just want to highlight that for
14:57:51   22  you that they're telling the Court it's not what they
14:57:56   23  we're concerned about, we really want to know the how.
14:57:58   24  And as we all know, your Honor, that's not the purpose of
14:58:02   25  infringement contentions, your Honor.

| | | |
|---|---|---|
| 14:58:04 | 1 | If I could go to slides 8 and 10, your Honor. I |
| 14:58:09 | 2 | just wanted to talk to you briefly about the third |
| 14:58:13 | 3 | question, which we believe the answer is yes is, has |
| 14:58:16 | 4 | Fintiv shown that the relevant four-factor test that it |
| 14:58:20 | 5 | was appropriate to serve amended infringement contentions |
| 14:58:23 | 6 | in this case, and we think that answer is yes. |
| 14:58:25 | 7 | Now, to set the table for this a little bit, your |
| 14:58:29 | 8 | Honor, is during the supplemental claim construction |
| 14:58:34 | 9 | process, after that, there were three things that were |
| 14:58:36 | 10 | added regarding the claim terms that were argued over. |
| 14:58:40 | 11 | And this is the selecting the contactless card applet. |
| 14:58:43 | 12 | That was construed by the Court on slide 8. So we amended |
| 14:58:47 | 13 | our infringement contentions to address this, which was |
| 14:58:49 | 14 | specifically discussed at the supplemental claim |
| 14:58:53 | 15 | construction hearing. |
| 14:58:54 | 16 | On slide 9, your Honor, we also -- the Court |
| 14:58:58 | 17 | considered the registering element, which was -- we added |
| 14:59:01 | 18 | literal and DOE further supplementation regarding this. |
| 14:59:07 | 19 | This term was construed by the Court to have its plain and |
| 14:59:10 | 20 | ordinary meaning, so we updated our infringement |
| 14:59:11 | 21 | contentions to address that. So this is -- these are |
| 14:59:14 | 22 | things specifically discussed by the Court during that |
| 14:59:16 | 23 | supplemental claim construction, we addressed and would |
| 14:59:19 | 24 | have had the right to do so in other claim construction |
| 14:59:23 | 25 | process. |

14:59:24  1        On slide 10, your Honor, we provided a exemplary
14:59:29  2   quote from Apple's arguments from the August 28, 2020
14:59:33  3   Markman hearing regarding the registering term.  So here,
14:59:36  4   your Honor, we're giving you language that they argued at
14:59:40  5   claim construction -- supplemental claim construction
14:59:42  6   regarding this term, and they made multiple statements
14:59:45  7   about what registering was.  And they said registering one
14:59:48  8   of those things is not the same thing as registering the
14:59:50  9   other.  They make all of these arguments.
14:59:52 10        And so, your Honor, we were fully within our
14:59:54 11   rights, your Honor, to -- and the Court would have
14:59:56 12   expected us to update our infringement contentions to
14:59:59 13   address multiple arguments that were set forth, which I
15:00:02 14   won't get into now, your Honor, because experts are going
15:00:04 15   to resolve that.  But I put that for the Court's
15:00:07 16   edification on slide 10 so that the Court is aware of
15:00:11 17   Apple's arguments regarding this and what was going on,
15:00:15 18   your Honor.
15:00:17 19        And then, as to the widget, your Honor -- and
15:00:22 20   I'll get to the widget later, your Honor.  I'll come back
15:00:24 21   to the widget argument because that was discussed
15:00:28 22   fulsomely in our claim construction -- I mean, in our
15:00:31 23   infringement contentions, your Honor.
15:00:32 24        So the next point, your Honor, which leads to the
15:00:35 25   four-factor test, which was not addressed by Apple at all,

15:00:39   1   on slide 11, I provide a summary of these arguments that

15:00:43   2   Apple argues that Fintiv did not seek leave, but as you

15:00:46   3   know, your Honor, the Court, on August 5th, directed us to

15:00:50   4   amend, and we thought it was appropriate to put all issues

15:00:52   5   before the Court given the fact that there was an upcoming

15:00:55   6   claim construction hearing.

15:00:56   7          And the four-factor test on a motion to strike,

15:01:00   8   it's essentially the same four-factor test for a motion

15:01:02   9   for leave to amend the infringement contentions.  And

15:01:06  10   after considering all of this evidence and the four

15:01:08  11   factors, your Honor, it was completely appropriate for

15:01:11  12   Fintiv to amend its infringement contentions, your Honor.

15:01:14  13          Briefly, your Honor, we have slides that go to

15:01:18  14   each of the factors.  On slide 12, factor one, reason for

15:01:22  15   delay.  As I indicated before, your Honor, most of Apple's

15:01:25  16   technical witness depositions took place after July 1st,

15:01:29  17   2020.  And so, we updated our infringement contentions to

15:01:33  18   put that -- put Apple on notice of that deposition

15:01:36  19   testimony and documents.  Moreover, your Honor, we quickly

15:01:42  20   updated our infringement contentions after the August 5th

15:01:46  21   date.  So on September 11, they had that information.

15:01:49  22   Almost eight months ago.  Disallowing this amendment, your

15:01:52  23   Honor, we think, is contrary to the rules of civil

15:01:54  24   procedure and discovery, your Honor.

15:01:57  25          Going to slide 13, your Honor, and here, I'm just

15:02:01  1   simply doing for the Court's edification what we were

15:02:03  2   doing.  So literally on slide 13, I'm showing you that we

15:02:07  3   are updating -- this is the complaint Apple has regarding

15:02:11  4   one of what they called a new theory.  What we did in the

15:02:14  5   update was to provide exemplary new evidence.  So we cite

15:02:19  6   to the deposition testimony of Christopher Sharp, which

15:02:22  7   would further elucidate what we thought was regarding the

15:02:26  8   claim, the wallet management applet.

15:02:30  9          We then put forward -- we cited deposition

15:02:32  10  testimony of Mr. Fruhauf, which we recently obtained on

15:02:37  11  August 5th.  We cited all of this in the September 11,

15:02:40  12  2020 claim charts for the iPhone and iWatches on pages 58

15:02:44  13  248 and 291.

15:02:48  14         On slide 14, your Honor, this is the complaint

15:02:51  15  where they say this is a new literal and DOE theory.  Your

15:02:53  16  Honor, that we updated in the September 11th infringement

15:02:56  17  contentions was to cite to additional testimony from Mr.

15:02:59  18  Sharp which we think showed how this element table -- what

15:03:02  19  this contention went to and specifically how it infringed,

15:03:07  20  your Honor.

15:03:08  21         On slide 15, your Honor, we give more evidence of

15:03:13  22  how, once again, what we supplemented.  We just added

15:03:17  23  additional evidence supporting the theory, which had

15:03:19  24  already been set forth in the infringement contentions on

15:03:22  25  July 1st.  So we've added additional information.

| | | |
|---|---|---|
| 15:03:30 | 1 | And then, that leads to the second factor, your |
| 15:03:32 | 2 | Honor, which is the importance of what the Court would be |
| 15:03:35 | 3 | excluding and the availability of lesser sanctions. |
| 15:03:39 | 4 | Fintiv's amendment, your Honor, is important to this |
| 15:03:41 | 5 | litigation because, one, it was done in response to |
| 15:03:43 | 6 | Apple's request to update our infringement contentions, |
| 15:03:46 | 7 | which they did so throughout the entire case.  They've |
| 15:03:48 | 8 | never been satisfied, even though we have diligently |
| 15:03:51 | 9 | moved, I think, five or six times to avoid motion practice |
| 15:03:55 | 10 | and to present all relevant evidence to support our expert |
| 15:03:57 | 11 | case.  And Apple hasn't even addressed this factor in its |
| 15:04:03 | 12 | briefing. |
| 15:04:03 | 13 | On slide 17 briefly, your Honor, we talk about |
| 15:04:05 | 14 | the danger of unfair prejudice.  There is no unfair |
| 15:04:08 | 15 | prejudice in this case, your Honor.  The September 11 |
| 15:04:11 | 16 | amendment has been in the case for at least almost eight |
| 15:04:15 | 17 | months, your Honor.  What's more, the case schedule and |
| 15:04:18 | 18 | the trial date had been extended several times to address, |
| 15:04:21 | 19 | one, Apple's supplemental claim construction and, also, |
| 15:04:25 | 20 | the amendment of new products to the case.  So there's no |
| 15:04:28 | 21 | prejudice.  They've had the amendment, they have the |
| 15:04:31 | 22 | benefit of expert discovery in terms of expert reports. |
| 15:04:35 | 23 | And they're going to depose our expert in multiple weeks, |
| 15:04:38 | 24 | in a few weeks.  And they're going to have an opportunity |
| 15:04:39 | 25 | to complain about whether or not our motion for summary |

| | | |
|---|---|---|
| 15:04:43 | 1 | judgment, or whatever, whether or not we've met our |
| 15:04:46 | 2 | burden.  We think we have. |
| 15:04:48 | 3 | Slide 18, your Honor, we get to the fourth |
| 15:04:50 | 4 | factor, which is the availability of a continuance.  There |
| 15:04:54 | 5 | shouldn't be a continuance.  This case has been extended |
| 15:04:56 | 6 | multiple times through no fault of anyone's but the |
| 15:05:01 | 7 | pandemic and the attempts to make sure the case was |
| 15:05:04 | 8 | developed fulsomely.  But fact discovery has been closed |
| 15:05:08 | 9 | since December 18.  Expert discovery will be closed on May |
| 15:05:11 | 10 | 24, 2021.  And the entire case schedule is set with a |
| 15:05:16 | 11 | trial hopefully, God willing, on October 4, 2021, and |
| 15:05:20 | 12 | there's no need for a continuance.  Apple doesn't address |
| 15:05:23 | 13 | this at all. |
| 15:05:23 | 14 | Now, I'll stop here, your Honor, because the next |
| 15:05:30 | 15 | several slides really go to Apple's attempt to have expert |
| 15:05:36 | 16 | discovery through their infringement contentions or a |
| 15:05:38 | 17 | motion for summary judgment on a motion to strike, which |
| 15:05:40 | 18 | is inappropriate.  But we have slides to address the |
| 15:05:43 | 19 | sufficiency of our contentions, your Honor, which I'm |
| 15:05:46 | 20 | actually very proud of our contentions and the amount of |
| 15:05:48 | 21 | work that have been put in when you compare them to other |
| 15:05:52 | 22 | infringement contentions in other cases.  I think they are |
| 15:05:55 | 23 | a model of fulsomeness and a model of diligence, your |
| 15:05:55 | 24 | Honor. |
| 15:05:58 | 25 | But I want to stop there before I get into the |

15:06:01  1    details on that to make sure I answered the three

15:06:03  2    questions that I thought were most salient that I've asked

15:06:07  3    that before I get to the details about the sufficiency of

15:06:10  4    the infringement contentions, your Honor.

15:06:14  5        THE COURT:  So you're good, Mr. Waldrop?

15:06:18  6        MR. WALDROP:  And so, I also wanted to add, your

15:06:20  7    Honor, I think our infringement contention is like 300

15:06:22  8    pages, your Honor.  Just to give the Court a size and

15:06:24  9    scope of what we'll talk about.  We have 300 pages of

15:06:29  10   infringement contentions in this case.  I mean, this was

15:06:32  11   not shoddy work.  There was a lot of hours and I'm very

15:06:36  12   proud of the people who worked on it.

15:06:38  13       So I want to address this in four slides of the

15:06:43  14   hearing regarding the sufficiency of our 300 pages of

15:06:46  15   infringement contentions.  The insufficiency issue, we

15:06:49  16   believe, is mooted now, your Honor, because the expert

15:06:51  17   reports are in the case.  And regardless of what Mr.

15:06:55  18   Cunningham may think about them, the Court will resolve

15:06:57  19   them, the expert has addressed them, and there will be

15:07:00  20   further proceedings where we'll discuss that.  But all of

15:07:04  21   these three issues that are set forth in Apple's briefing

15:07:07  22   about the widget, regarding the storing and managing the

15:07:12  23   mobile wallet application, and regarding the rule engine,

15:07:14  24   all of those things, with no disrespect to him, have

15:07:17  25   already been addressed in the expert report that they have

| | | |
|---|---|---|
| 15:07:22 | 1 | been -- they've had for over a month now. |
| 15:07:24 | 2 | Now, on slides 20, your Honor, in any event, |
| 15:07:28 | 3 | these infringement theories and contentions were disclosed |
| 15:07:32 | 4 | at least as of the September 11 infringement contentions, |
| 15:07:35 | 5 | and Apple's been on fair notice of them for many months. |
| 15:07:38 | 6 | And in fact, Apple provided non-infringement arguments and |
| 15:07:42 | 7 | responses regarding these very same three theories that he |
| 15:07:45 | 8 | claims or opposing counsel claims are defective in a |
| 15:07:49 | 9 | response to an interrogatory later in the case. |
| 15:07:50 | 10 | So I think they've conceded that they understand |
| 15:07:53 | 11 | at least something about what they mean, because they were |
| 15:07:55 | 12 | able to respond to these theories in interrogatory |
| 15:07:58 | 13 | responses that we took to heart and have based our |
| 15:08:02 | 14 | infringement reports on their responses.  So we believe |
| 15:08:05 | 15 | that they have some understanding of what is in our |
| 15:08:10 | 16 | infringement contentions as it relates to these three |
| 15:08:12 | 17 | arguments. |
| 15:08:13 | 18 | Moreover, your Honor, on slide 21, Apple's whole |
| 15:08:17 | 19 | issue about the widget, your Honor, goes to disagreements |
| 15:08:20 | 20 | about factual accuracy and legal correctness.  As this |
| 15:08:24 | 21 | court is well aware, disagreement with the factual |
| 15:08:27 | 22 | accuracy or the legal correctness, they have no bearing on |
| 15:08:30 | 23 | the sufficiency of infringement contentions.  And that's |
| 15:08:33 | 24 | what I heard counsel to be arguing and that's not the |
| 15:08:36 | 25 | point of infringement contentions. |

15:08:38   1          In fact, your Honor, with respect to the widget,

15:08:43   2   they talk about that there's no software there.  And

15:08:47   3   Apple's essentially disagreeing with our interpretation of

15:08:49   4   what a widget is as well as their own technical documents.

15:08:52   5   And that will be decided at trial and that will be decided

15:08:55   6   by the Court.  But that disagreement does not render

15:08:58   7   Fintiv's infringement contentions to be sufficient.

15:09:00   8          In fact, as this court knows, the Federal Circuit

15:09:02   9   in CI Ventures says disagreement with a plaintiff's

15:09:06   10   interpretation of the claims does not make its

15:09:09   11   infringement contention insufficient.  And that's what I

15:09:11   12   heard from opposing counsel, and that is not the law, and

15:09:14   13   that is not what is required for my infringement

15:09:17   14   contention.

15:09:17   15          On slide 22, your Honor, you know, we talk about

15:09:21   16   the other element, which is storing and managing the

15:09:24   17   mobile wallet application.  Once again, this is Apple's

15:09:26   18   disagreement about what we consider to be the

15:09:29   19   interpretation of their technical documents, which we

15:09:32   20   provide a long list of supporting our argument.  And this

15:09:36   21   fully illustrates that Apple, we believe, has a different

15:09:39   22   conception of the requirements in infringement

15:09:41   23   contentions.  They serve a notice function and are not a

15:09:45   24   forum for debating in terms of deciding our whole case.

15:09:48   25   And in fact, your Honor, in SSL, cited in our briefing,

15:09:50  1   that the disagreement over this correctness doesn't impact
15:09:54  2   the infringement contentions, that this is something to be
15:09:56  3   resolved in expert discovery.
15:09:57  4           So Apple's complaints really amounts to
15:10:01  5   substantive disagreements about infringement, not about
15:10:03  6   the sufficiency of our infringement contentions, and their
15:10:07  7   motion should be denied.
15:10:11  8           Finally, your Honor, as to the rule engine,
15:10:13  9   because he brought the rule engine up, and I just want to
15:10:16  10  make sure we address this.  We provide specific citations
15:10:18  11  to documents with pincites, source code modules, quoted
15:10:22  12  passages, deposition testimony, and Apple's still
15:10:25  13  nitpicking and they're demanding that the rule engine has
15:10:28  14  to be, you know, many more details about this.  Well, we
15:10:30  15  have an expert report, so they have that.  So Mr.
15:10:32  16  Cunningham can read that.
15:10:35  17          But what Apple is really demanding, and has been
15:10:38  18  demanding throughout the case, is that we prove our
15:10:40  19  infringement case and our infringement contentions before
15:10:43  20  there's ever an expert report.  And as the Court knows, in
15:10:47  21  ROY-G-BIV Corp, which, is in the Eastern District of
15:10:51  22  Texas, the scope of the infringement contention and expert
15:10:53  23  reports are not, however, coextensive.  Infringement
15:10:55  24  contentions need not disclose specific evidence nor do
15:10:59  25  they require a plaintiff to prove its infringement case.

| | | |
|---|---|---|
| 15:11:01 | 1 | And what I heard from opposing counsel, even though I know |
| 15:11:05 | 2 | he's new in the case, is he wants me to prove my case |
| 15:11:07 | 3 | today, and that's not how this case is structured and |
| 15:11:14 | 4 | that's not what the rules require. |
| 15:11:15 | 5 | And then, that's the last slide on that, your |
| 15:11:17 | 6 | Honor.  But -- and I apologize to the Court for having to |
| 15:11:22 | 7 | do that, but I thought it was important that the Court |
| 15:11:24 | 8 | understood that there's 300 pages of infringement |
| 15:11:28 | 9 | contentions.  You know, 300 pages of infringement |
| 15:11:31 | 10 | contention served on September 11.  Numerous documents. |
| 15:11:33 | 11 | And in fact, your Honor, all of this was done, in |
| 15:11:39 | 12 | fact, in the context of Apple's request for supplemental |
| 15:11:41 | 13 | claim construction.  And these were agreed upon between |
| 15:11:45 | 14 | the parties before the Court's order that it -- order |
| 15:11:48 | 15 | governing patent proceedings whereby the parties committed |
| 15:11:51 | 16 | to update their infringement contentions with new evidence |
| 15:11:55 | 17 | and validity contentions.  This is not new.  I mean, this |
| 15:11:59 | 18 | is not a surprise.  This is something the parties agree |
| 15:12:01 | 19 | to. |
| 15:12:01 | 20 | So with that, your Honor, I'll stop now.  I just |
| 15:12:04 | 21 | wanted to make sure we laid out our case.  And I'm, |
| 15:12:08 | 22 | frankly, surprised by this motion, your Honor, and that we |
| 15:12:10 | 23 | having to defend it.  But, your Honor, I'm here to stop |
| 15:12:12 | 24 | now and talk about any questions that you may have. |
| 15:12:17 | 25 | THE COURT:  I'm good. |

| 15:12:19 | 1 | Mr. Cunningham. |
| 15:12:22 | 2 | MR. CUNNINGHAM:  Thank you, your Honor. |

15:12:19  1        Mr. Cunningham.

15:12:22  2        MR. CUNNINGHAM:  Thank you, your Honor.

15:12:25  3        I have, I think, three and only three points in

15:12:27  4  rebuttal.  One is -- patent one is, we heard a lot of talk

15:12:32  5  about whether the September contentions were authorized,

15:12:37  6  and that is not the issue, your Honor.  The issue is what

15:12:40  7  the Court authorized to be in those September contentions.

15:12:46  8        And I think we've got the better side of the

15:12:48  9  argument that the what was a limited set of

15:12:51  10  supplementation, not a free-for-all, that was ordered by

15:12:58  11  the Court in August and then, talked again -- talked about

15:13:01  12  again in October.  And so, the what that we're seeking to

15:13:05  13  strike is precisely what's in -- shaded in yellow in

15:13:10  14  Exhibit 12 to our motion.  So that's the what.

15:13:14  15        And I didn't hear a whole lot about those

15:13:19  16  particular things being new or not new.  What I heard was

15:13:24  17  a new argument that -- and this is my second point, your

15:13:28  18  Honor, that now, the newness of those is mooted by the

15:13:33  19  fact that time has passed and we now have an expert

15:13:37  20  report.  That is not how this works, your Honor.  That is

15:13:41  21  not how this works.

15:13:42  22        So I, plaintiff, blew a deadline, added new

15:13:47  23  theories without leave under the Court's rules, but since

15:13:51  24  time has passed and I've now issued an expert report that

15:13:55  25  contains those same new theories, I somehow get a pass for

| | | |
|---|---|---|
| 15:13:59 | 1 | blowing the deadline and violating the rules.  That is not |
| 15:14:01 | 2 | how this works.  I don't hear any citation to any |
| 15:14:05 | 3 | precedence -- precedent that that's how this works. |
| 15:14:08 | 4 | And so, this whole mootness argument is kind of |
| 15:14:11 | 5 | stunning to me that we just get a pass because now we've |
| 15:14:14 | 6 | advanced a few months and we have an expert report that |
| 15:14:17 | 7 | parrots the same -- |
| 15:14:18 | 8 | THE COURT:  Well, it's not -- Mr. Cunningham, |
| 15:14:20 | 9 | it's not -- in fairness, it's not a couple of months. |
| 15:14:27 | 10 | It's almost eight months. |
| 15:14:29 | 11 | MR. CUNNINGHAM:  I agree, your Honor.  And we |
| 15:14:30 | 12 | filed this motion -- |
| 15:14:31 | 13 | THE COURT:  The one -- other judges, not me, but |
| 15:14:34 | 14 | other judges might wonder, you know, we have a brand-new |
| 15:14:38 | 15 | batch of lawyers representing Apple, and others might, you |
| 15:14:44 | 16 | know, wonder why this wasn't done a lot sooner. |
| 15:14:47 | 17 | MR. CUNNINGHAM:  Well, your Honor -- |
| 15:14:48 | 18 | THE COURT:  I'm not wondering, but I think others |
| 15:14:50 | 19 | judges might.  And might take from the fact that there's |
| 15:14:55 | 20 | been a wholesale replacement of lawyers that maybe things |
| 15:15:02 | 21 | weren't getting done that should have been done six or |
| 15:15:04 | 22 | seven months ago. |
| 15:15:06 | 23 | MR. CUNNINGHAM:  Well, your Honor, I think at |
| 15:15:08 | 24 | that point -- |
| 15:15:08 | 25 | THE COURT:  Certainly prior to the expert |

| | | |
|---|---|---|
| 15:15:09 | 1 | reports.  If you had issues with the infringement |
| 15:15:12 | 2 | contention, I'm not sure why they weren't raised before |
| 15:15:15 | 3 | the expert reports. |
| 15:15:17 | 4 | MR. CUNNINGHAM:  Well, your Honor, in fact, they |
| 15:15:19 | 5 | were.  So this motion was filed in October, October 16 of |
| 15:15:22 | 6 | 2020.  We did not receive the expert report until last |
| 15:15:26 | 7 | month, is my understanding. |
| 15:15:27 | 8 | THE COURT:  Okay. |
| 15:15:28 | 9 | MR. CUNNINGHAM:  And so, I view both the time |
| 15:15:31 | 10 | period in which the violation of the rules arose and the |
| 15:15:36 | 11 | time period for which prejudice oughta be measured as |
| 15:15:39 | 12 | October, when the motion was filed. |
| 15:15:41 | 13 | THE COURT:  Okay. |
| 15:15:41 | 14 | MR. CUNNINGHAM:  And so, you know, I don't |
| 15:15:43 | 15 | quarrel with the fact that it took a few months to get to |
| 15:15:45 | 16 | a hearing on this motion and a decision, but the passage |
| 15:15:49 | 17 | of time is -- can't be held against Apple.  We were prompt |
| 15:15:53 | 18 | in filing the motion once we got these unauthorized new |
| 15:15:57 | 19 | contentions.  So I think that -- I hope your Honor will |
| 15:16:01 | 20 | take that point with the respect that I provided to you, |
| 15:16:04 | 21 | but that's -- |
| 15:16:04 | 22 | THE COURT:  I do. |
| 15:16:05 | 23 | MR. CUNNINGHAM:  That's the point.  And so -- and |
| 15:16:08 | 24 | then, I heard a statement about your Honor's rules.  And |
| 15:16:11 | 25 | you are the arbiter of what your rules mean.  This is my |

15:16:14    1   third and final point where your OGP says after the

15:16:20    2   deadline for final infringement and invalidity

15:16:23    3   contentions, leave of court is required for any amendment

15:16:26    4   to infringement or invalidity contentions.  And then,

15:16:28    5   there was a quote in the slides -- in slide 7 to counsel's

15:16:32    6   argument that quotes that next sentence.  This deadline

15:16:35    7   does not relieve the parties of their obligation to

15:16:38    8   seasonably amend if new information is identified after

15:16:41    9   initial contentions.

15:16:43   10          Now, I'm happy to be corrected on this, but I've

15:16:46   11   always read that, that statement as being you can't wait

15:16:52   12   until the final contentions to spring new theories on

15:16:55   13   people if you know about them before that.  Not that you

15:16:58   14   can wait until after the deadline for infringement

15:17:02   15   contentions, come up with new theories and then, put those

15:17:07   16   in contentions without leave.

15:17:09   17          So I read the rule very, very differently than

15:17:11   18   counsel just read it.  And so, those are my points.  I

15:17:16   19   leave you with that.  And I'll leave you with just one

15:17:20   20   final observation, and that is, we did not hear one word

15:17:22   21   about the actual code that might be the widget that is

15:17:27   22   claimed in the patents that would meet your Honor's claim

15:17:30   23   construction.  This is not a summary judgment argument.

15:17:32   24   It may be come June, but right now, it's about an issue of

15:17:36   25   fundamental notice.  That's all I have, your Honor.

| | | |
|---|---|---|
| 15:17:39 | 1 | THE COURT:  And maybe it got lost in there, but |
| 15:17:41 | 2 | was there any citation to code in the expert reports? |
| 15:17:47 | 3 | MR. WALDROP:  (Moving head up and down.) |
| 15:17:50 | 4 | MR. CUNNINGHAM:  In the expert report itself, the |
| 15:17:52 | 5 | citations are to the same information that is in the |
| 15:17:54 | 6 | contentions, I believe.  I have not -- |
| 15:17:57 | 7 | THE COURT:  Well, let me -- I will be very |
| 15:18:00 | 8 | curious to know and maybe you all need to get back to me. |
| 15:18:04 | 9 | I'd be very curious to know whether or not the issues that |
| 15:18:07 | 10 | you're concerned about just with regard to deficiencies, |
| 15:18:10 | 11 | the second bucket, whether any of that information that |
| 15:18:14 | 12 | you're concerned with was provided in the expert reports. |
| 15:18:18 | 13 | MR. CUNNINGHAM:  With regard to these three claim |
| 15:18:20 | 14 | limitations, your Honor, my understanding is -- and I -- |
| 15:18:23 | 15 | you know, I'm in the midst of pulling apart the expert |
| 15:18:27 | 16 | reports.  So it may be something I do need to get back to |
| 15:18:29 | 17 | you on.  But my understanding is that they have -- that |
| 15:18:31 | 18 | Fintiv has effectively picked up the contentions -- what |
| 15:18:35 | 19 | we say are the insufficient contentions and dropped those |
| 15:18:38 | 20 | contentions into the expert reports, relatively unchanged. |
| 15:18:43 | 21 | So the issues that we have with the contentions with |
| 15:18:44 | 22 | respect to those three claim limitations carry forward |
| 15:18:48 | 23 | into the expert report. |
| 15:18:49 | 24 | THE COURT:  Well, Mr. Cunningham, let me assume |
| 15:18:53 | 25 | for a second you're right.  I'm going to let Mr. Waldrop. |

15:18:58  1    I certainly understand, I think, and can pretty clearly
15:19:03  2    delineate the issue with what was added.  I mean, that --
15:19:08  3    in terms of deficiencies in infringement contentions where
15:19:13  4    there's now an expert report, I'm probably more
15:19:18  5    sympathetic to, you know, the infringement contentions
15:19:21  6    have probably been -- that's yesterday, what's in the
15:19:25  7    expert report because you've been given that.
15:19:28  8          Now, to that extent, for better or worse, the
15:19:32  9    plaintiff is limited by what is in the expert report.  And
15:19:37  10   if you think that there is insufficient evidence in the
15:19:43  11   expert report, then I would feel much more comfortable
15:19:49  12   dealing with that on a motion for summary judgment basis
15:19:52  13   or a Daubert basis, either one, than I am in trying to
15:19:59  14   ferret out what was missing in the infringement
15:20:02  15   contention.  But it's been cured in the expert report.
15:20:09  16         So I'm going to -- I'm not going to voice
15:20:12  17   anything on -- with respect to the issue of what was added
15:20:17  18   that should not have been without amendment.  But I am
15:20:22  19   going to deny what was deficient in the infringement
15:20:25  20   contentions and without prejudice to Apple raising that in
15:20:30  21   the context of what is now extant in the expert reports.
15:20:37  22   It would take -- I'm not -- A, I'm not sure really what
15:20:44  23   the law is in terms of the experts, you know, if the
15:20:47  24   experts come in and they fix it, so to speak, in the
15:20:52  25   expert reports, you know, you're probably on notice.  So

```
15:20:54   1   I'm leaving that aside.  The other, I get.
15:20:56   2          So do you have anything else you wanted to add
15:20:58   3   only with respect to the issue of what you believe Fintiv
15:21:02   4   added without permission?
15:21:04   5          MR. CUNNINGHAM:  Just one question, your Honor,
15:21:07   6   and that is.
15:21:07   7          THE COURT:  Yes, sir.
15:21:08   8          MR. CUNNINGHAM:  If we hear -- is we have the
15:21:11   9   expert report and I understand your ruling with regard to
15:21:14  10   that, and it makes sense to me.  But if we hear for the
15:21:16  11   first time new information in a deposition or in a
15:21:20  12   declaration opposing our summary judgment motion or
15:21:24  13   trial --
15:21:24  14          THE COURT:  That won't happen.
15:21:26  15          MR. CUNNINGHAM:  We're going to be permitted to
15:21:28  16   raise that again, correct?
15:21:29  17          THE COURT:  No.  That -- Mr. Waldrop has been in
15:21:32  18   front of me, Mr. Ravel has been in front of me in trial.
15:21:35  19   I don't know that Mr. Guaragna has yet.  You don't get to
15:21:39  20   amend your answers.  Experts don't get to amend or
15:21:44  21   supplement at depositions.  Now, they could certainly
15:21:48  22   explain something that may or may not be clear, but they
15:21:50  23   don't get to -- they don't get to say, oh, let me add to
15:21:57  24   that.
15:21:59  25          MR. CUNNINGHAM:  Okay.
```

| | | |
|---|---|---|
| 15:21:59 | 1 | THE COURT:  So they are limited within reason to |
| 15:22:01 | 2 | the four corners of their expert reports.  And so, that's |
| 15:22:07 | 3 | why I'm saying with regard to what's missing in |
| 15:22:09 | 4 | infringement contentions, we now have a new deed, so to |
| 15:22:14 | 5 | speak, with the metes and bounds of what the plaintiff can |
| 15:22:18 | 6 | say, and that's what they're going to be limited to. |
| 15:22:21 | 7 | MR. CUNNINGHAM:  And the expert report is a |
| 15:22:23 | 8 | closed report effectively. |
| 15:22:24 | 9 | THE COURT:  Expert report is closed now -- yes. |
| 15:22:26 | 10 | MR. CUNNINGHAM:  Okay. |
| 15:22:27 | 11 | THE COURT:  Now, the plaintiff may be doing a |
| 15:22:28 | 12 | rebuttal report and if you point out in your rebuttal -- |
| 15:22:36 | 13 | in your rebuttal report to them that it's missing X and |
| 15:22:42 | 14 | they may be able to say no, in the record, here is where X |
| 15:22:46 | 15 | is, that would certainly be possible.  But no one gets to |
| 15:22:51 | 16 | expand the record of what is available. |
| 15:22:53 | 17 | MR. CUNNINGHAM:  All right.  Thank you, your |
| 15:22:54 | 18 | Honor.  I understand. |
| 15:22:56 | 19 | THE COURT:  Okay.  And I think Mr. Ravel will |
| 15:22:59 | 20 | tell you and Mr. Waldrop will tell you, I'm pretty strict |
| 15:23:02 | 21 | on that at trial. |
| 15:23:04 | 22 | MR. WALDROP:  (Moving head up and down.) |
| 15:23:04 | 23 | THE COURT:  So I think the expert reports are |
| 15:23:06 | 24 | pretty important.  And I think anyone else will tell you, |
| 15:23:09 | 25 | also, that I take motions for summary judgment and Daubert |

15:23:13  1  motions pretty seriously, as well.

15:23:15  2          MR. CUNNINGHAM:  I understand.

15:23:16  3          THE COURT:  And so, that's just -- I feel more

15:23:20  4  solid ground dealing with it at that phase.

15:23:23  5          MR. CUNNINGHAM:  Understand, your Honor.  Thank

15:23:24  6  you.

15:23:24  7          THE COURT:  Mr. Waldrop, is there anything you

15:23:25  8  wanted to add on the -- just in -- I don't think you need

15:23:30  9  to, but you're welcome to.  I mean, I'm not -- you don't

15:23:34  10  need to.  I'm just saying, if there's anything additional

15:23:38  11  because I'm about to have to jump on another call.  If

15:23:40  12  there's anything you feel like we haven't covered, I'd

15:23:42  13  like to hear it.

15:23:43  14          MR. WALDROP:  No, your Honor.  Only just that,

15:23:45  15  you know, I always admit when I break the rules and don't

15:23:48  16  follow rules, your Honor.  We never thought we were not

15:23:51  17  following the rules, your Honor, there was a violation.

15:23:53  18  We believe that we were complying with the Court's rule

15:23:55  19  and it came up in the hearing, and we were trying to be as

15:23:58  20  complete as possible to get all of the issues resolved in

15:24:00  21  front of the Court.  That's all I can say about that, your

15:24:02  22  Honor.

15:24:02  23          And I appreciate the opportunity.  It's always

15:24:04  24  great to see you.  It's always great to argue against

15:24:07  25  great opposing counsel.  So thank you for everything, your

15:24:09  1    Honor.

15:24:09  2            THE COURT:  Anything else, counsel?

15:24:12  3            MR. CUNNINGHAM:  Nothing for Apple, your Honor.

15:24:13  4    Thank you.

15:24:14  5            THE COURT:  We'll get an order out as quickly as

15:24:16  6    possible.  But I would assume it will come out pretty

15:24:20  7    shortly after I talk to my law clerks.

15:24:21  8            Anything else we need to take up in this case?

15:24:28  9            MR. RAVEL:  Thank you, Judge.  Enjoy your

15:24:30  10   six-minute break.

15:24:31  11           MR. WALDROP:  Thank you, your Honor.

15:24:33  12           THE COURT:  I've got six minutes to do anything I

15:24:35  13   want.

15:24:35  14           MR. WALDROP:  Enjoy, sir.  Enjoy.

15:24:37  15           THE COURT:  Thank you.  Take care, guys.

15:24:40  16           MR. CUNNINGHAM:  Take care.

          17           (Proceedings concluded.)

          18

          19

          20

          21

          22

          23

          24

          25

1                              *  *  *  *  *  *

2

3

4    UNITED STATES DISTRICT COURT  )

5    WESTERN DISTRICT OF TEXAS)

6

7       I, LILY I. REZNIK, Certified Realtime Reporter,

8    Registered Merit Reporter, in my capacity as Official

9    Court Reporter of the United States District Court,

10   Western District of Texas, do certify that the foregoing

11   is a correct transcript from the record of proceedings in

12   the above-entitled matter.

13      I certify that the transcript fees and format comply

14   with those prescribed by the Court and Judicial Conference

15   of the United States.

16      WITNESS MY OFFICIAL HAND this the 15th day of June,

17   2021.

18

19

20                              /s/Lily I. Reznik
                                LILY I. REZNIK, CRR, RMR
21                              Official Court Reporter
                                United States District Court
22                              Austin Division
                                501 W. 5th Street,
23                              Suite 4153
                                Austin, Texas 78701
24                              (512)391-8792
                                SOT Certification No. 4481
25                              Expires:  1-31-23